Love,

    Plaintiff

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2015 JUL 16 P 3: 23

Action No.: 15-04404-SDW-SCM

    v.

Motion for leave to file

Supplemental Complaint

New Jersey Department of Corr., et al.

    Defendants

Plaintiff, LeMont Love, pursuant to Rule 15(d), Fed.R.Civ.P., requests leave to file a supplemental complaint adding new parties and claims.

    1. In Plaintiff's original complaint, he reserved the right to "amend" his complaint in the event the defendants retaliated against him for filing that complaint.

    2. Since that time the defendants have retaliated against Plaintiff by, including but not limited to, transferring Plaintiff to a higher security level prison (maximum security) where Plaintiff is currently housed.

    3. This court should grant leave freely to supplement a complaint. Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1278 (10th Cir. 2001)

Respectfully Submitted,

Dated: 7/10/15

a part of this lawsuit.  In additi on, I recognize my continuing obligation to file and serve on all parties and the co urt an amended certific ation if there is a change in the facts stated in this original certification.

Dated: __1/31/15_____   Signature: _~Lamont Jone~_

**OPTIONAL:  If you would like to have a judge decide your case, do not include the following paragraph in your complaint.  If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.**

## JURY DEMAND

The plaintiff demands trial by a jury on all of   the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: __1/31/15_____   Signature: _~Lamont Jone~_

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2015 JUL 16   P 3: 23

Revised 09/1/2009, CN 10553-English (How to File a Complaint in the Superior Court)
Published 4/1/2008, CN 11210 – English

Page 9 of 9

FORM 171-II        STATE OF NEW JERSEY       Revised
N.J.A.C. 10A:3-6     DEPARTMENT OF CORRECTIONS      1/15/96
               INMATE RECEIPT, CONTRABAND SEIZURE
      RECIBO DEL(LA) CONFINADO(A), CONFISCACIÓN DE CONTRABANDO

**Please Print or Type [Sírvase usar letras de molde o máquina de escribir]**

_____
Correctional Facility [Institución de Corrección]

Date [Fecha]_____ Time [Hora]_____ ☐am ☐pm

_____   _____   _____
Name of Inmate [Nombre del Confinado]   Number [Número]   Housing Unit [Unidad de Vivienda]

The following item(s), found in your possession or under your control, has been seized as contraband for this reason(s):.
[El(Los) siguiente(s) artículo(s) se encontró(aron) en su poder o bajo su control y se le confiscó(aron) como contrabando
por la(s) siiguiente(s) razón(es)]:

### Reasons for Seizure [Razón(es) de la Confiscación];

1. Not authorized for retention/receipt. [No está autorizado(a) para retenrlo/recibirlo]
2. Exceeds stated correctional facility limits. [Excede los límites estipulados por la institución de corrección]
3. Altered from original form. [Se alteró de su forma original]
4. Not acquired through proper correctional facility channels. [No se adquirió por las vías apropiadas de la institución de corrección]
5. Exceeds reasonable safety, security, sanitary or space considerations. [Excede las consideraciones razonables de protección, seguridad, sanidad o espacio].
6. May be harmful and/or poses threat to security or orderly operation of the correctional facility. [Podrá ser dañino y/o presenta una amenaza para la seguridad y el funcionamiento ordenado de la institución de corrección]

**Items seized [Artículo(s) confiscado(s)]:**

Reasons for Seizure [Razón(es) de la Confiscación]

| ❶ | ❷ | ❸ | ❹ | ❺ | ❻ |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

1. If no disciplinary charges have been issued, you have three working days from the date of this receipt to send a written appeal to the Superintendent containing information as to why this item should not be considered contraband. [Si no se han emitido cargos disciplinarios, usted tiene tres días a partir de la fecha de este recibo para enviarle una apelación al Superintendente que contenga la información que justifique que dicho artículo no se debe considerar como contrabando.]

2. If disciplinary charges have been issued, your appeal is through the disciplinary process. [Si se han emitido cargos disciplinarios, su apelación será por medio del proceso disciplinario.]

_____           _____
Printed name & title/rank of staff making the seizure     Signature of staff making the seizure

**Acknowledgement of receipt [Acuse de recibo]:**

_____   _____   _____   _____ ☐am ☐pm
Signature of Inmate [Firma del confinado]   Number [Número]   Date [Fecha]   Time [Hora]

**Inmate refuses to sign [El confinado rehusa firmar]:**

_____   _____   _____   _____ ☐am ☑pm
Printed name & title/rank of staff member   Signature of staff member   Date   Time

c: Internal Affairs/Central Control Unit

*EXHIBIT B* (handwritten)

## NJDOC INMATE INQUIRY FORM

**Must Be Placed In The Inmate Remedy System Box**

## Complete One Form For Each Department / Program / Service.

(MARQUE SOLAMEME UN DEPARTAMENTO / PROGRAMA / SERVICIO POR FORMULARIO)

| ADMINISTRATION | |
|---|---|
| | Housing Status |
| | Program Removal |
| | Reinstate Contact Visit |
| **BUSINESS OFFICE** | |
| | Business Remits / Receipts |
| | Check / Money Order |
| | Fine Payments |
| | Refunds |
| | State Pay |
| | Statements |
| **CLASSIFICATION** | |
| | Citizenship |
| | Detainers / Open Charges |
| | Institutional Transfer |
| | Interstate Status |
| | Job Eligibility |
| | Problem w/ Sentence Calc. |
| | Restoration of Comm Time |
| | SASRC |
| | Status |
| | Work Credit |
| **CUSTODY** | |
| | Cell Moves |
| | General |
| | Housing Unit Issues |
| **CUSTODY / MAILROOM** | |
| | Status on Purchases |
| | Incoming Mail |
| | Legal Mail |
| | Outgoing Mail |
| **EDUCATION / LAW LIB** | |
| | Certificates |
| | College Courses / GED / Classes |
| | Programs |
| | Legal Call |
| | Paralegal Assist / Supplies |

| FOOD SERVICES | |
|---|---|
| | Denied / Not Received Diet |
| | Food Allergies |
| | Food Issues / Prep |
| | Proper Special Diet |
| **MEDICAL / MENTAL HEALTH / DENTAL** | |
| | Class Sign-up / Completed Programs |
| | Concerns |
| | Co-Pay Refunds |
| | Emergencies |
| | Eye Glasses |
| | Medical Records |
| | Medication |
| | M007 Form |
| | Referrals |
| | Dental |
| **PAROLE** | |
| | Address Change / Parole Plan |
| | Opt Out of Parole Hearing |
| | Parole Board Hearings |
| | PED Calculations |
| **RCRP COMM. PROGRAMS** | |
| | Denial of Program |
| | Eligibility Criteria |
| | Status of Application |
| **RELIGIOUS SERVICES** | |
| | Certificate Completions |
| | Religious Classifications |
| | Religious Diets |
| | Religious Items |
| **SOCIAL SERVICES** | |
| | Family Emergency |
| | Marriage Request |
| | Program Enrollment / Completion |
| | Release ID / BC / SSN Card / MVC / Vet Asst. |
| | Release Planning |
| | SSI / SSDI / Affordable Healthcare |
| | TDD |
| | Others |

| SID | |
|---|---|
| | K/S |
| | PC |
| | STG |
| | Visitor Ban |

| VISITS | |
|---|---|
| | Denied Visitors |
| | Ex-Offender Visits |
| | Issues at Visits |

| OSAPAS | |
|---|---|
| | Living in Balance |
| | N/A and A/A |
| | Engaging the Family |
| | RPP |

**THIS SECTION TO BE COMPLETED BY INMATE**

Inmate Name: _____ Date: _____
State Number: _____ SBI#: _____
Housing Unit: _____ Work Detail Hours: _____
REQUEST: _____
_____
_____
_____
_____
_____
_____

**FOR OFFICIAL USE ONLY**

(*PARA USO OFICIAL SOLAMENTE - NO ESCRIBA EN EL AREA SOMBREADA*)

Date Received: _____
Staff Receiving Request: _____

**THIS FORM CANNOT BE PROCESSED:**

(Usted ha sido citado para entrevista en)
**You have been scheduled for an interview on:** _____
**Check the Daily Appointment Schedule for your name.**

Staff Response: _____
_____
_____
_____
_____
_____
_____

**IF YOU NEED ASSISTANCE IN COMPLETING THIS FORM, SEE YOUR HOUSING UNIT SOCIAL WORKER**
(SI USTED NECESITA AYUDA COMPLETANDO ESTE FORMULARIO, VEA A SU TRABAJADOR SOCIAL DE UNIDAD)

Distribution: (Original) Department Copy
(Yellow) Inmate's Copy With Response
(Pink) Inmate Copy

Form IRSF-10

*EXHIBIT B* (handwritten)

Name: _Lemont Love 331321C_
Address: _168 Frontage Rd._
_Newark NJ 07114_

Telephone Number

---

Superior Court of New Jersey

Law Division _ESSEX_ County

Docket No _L2285-15_
(to be filled in by the court)
_15-04404-SDW-SCM_

**CIVIL ACTION**
**Complaint**

_Lemont Love_
Plaintiff

v.

_New Jersey Department of corrections, Northern State Prison,_
_Gary Lanigan, Kenneth Nelson, Lt. St. Paul, C.O. Wasik,_
Defendant(s)
_C.O. Marsh, C.O. Doyle; John Does 1-20_
_Defends. are all being sued individually and official_
_Capacity._

---

Plaintiff, _Lemont Love_ , residing at
(your name)
_168 Frontage Rd._ City of _Newark_ ,
(your address)                                    (your city or town)
County of _Essex_ .
(your county)

State Of New Jersey, complaining of defendant, states as follows:

1. On _Nov. 1_ , 20_14_ , _C.O. Marsh, C.O. Wasik, C.O. Doyle_ , Defendant
(name of person being sued)

(Summarize what happened that resulted in  your claim agains  t the defendant.  Use additional pages if necessary.)

_Jurisdiction_
_This civil action is authorized by 42 U.S.C. §1983, to redress the deprivation,_
_under color of state law, of the rights secured by the constitution of the United_
_states. The actions described herein also violate the Constitution and laws of_
_the State of New Jersey. (see attached)_

---

.C.O. Everett (being sued individually)

.C.O.R. Morales (being sued individually)

..Steven Johnson (being sued individually)

.Patricia Nogan (being sued individually and official capacity)

.Jane Does 1 and 2

..John Does 21-40

Defendant one -- name: New Jersey Department of Corrections

Official position: Workplace of defendants

Place of employment: 168 Frontage Rd., Newark, NJ, 07114

How is this person involved in the case?

   Employes the defendants.


Defendant two -- name: Northern State Prison

Official position: Workplace of defendants

Place of employment: 168 Frontage Rd., Newark, NJ, 07114

How is this person involved in the case?

   Employs the defendants


Defendant three -- name: Wasik

Official position: Correctional officer

Place of employment: 168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

   C.O. Wasik assaulted Plaintiff by slicing his hand and failed to intervene to
prevent Plaintiff from being assaulted by C.O. Marsh. This defendant also gave
Plaintiff a false charge, took Plaintiff's property without giving him a confiscation
sheet and refused to call a Sgt. when Plaintiff requested him to do so.


Defendant four -- name: Marsh

Official position: Correctional officer

Place of employment: 168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

   This defendant assaulted Plaintiff by spitting in his face and threatened him with
severe bodily injury. This defendant also tried to deprive Plaintiff of his property
without just cause and failed to intervene to prevent the misuse of force Plaintiff
endured.

Defendant five -- name: Doyle

Official position: Correctional officer

Place of employment: 1168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

This defendant threatened to tear Plaintiff's cell apart as a form of harassment in retaliation if Plaintiff were to write the defendants up for their unjust actions. This defendant also failed to intervene to prevent the misuse of force Plaintiff endured.

Defendant six -- name: Gary Lanigan

Official position: Commissioner

Place of employment: Whittlesey Rd. Trenton, N.J. 08625

How is this person involved in the case?

This defendant is the commissioner of the Dept. of corrections and is in charge of the supervision and discipline of all D.O.C. employees. This defendant has been placed on notice of the abusive conduct of defendants Marsh and Doyle by a number of complaints and grievances, but has failed to take disciplinary action against them or otherwise to control their behavior.

Defendant seven -- name: Kenneth Nelson

Official position: Administrator

Place of employment: 1168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

This defendant is in charge of the supervision and discipline of all correctional staff at Northern State Prison. This defendant has been placed on notice of the abusive conduct of defendants Marsh and Doyle by a number of complaints and grievances, but has failed to take disciplinary action against them or otherwise control their behavior.

Defendant eight -- name: St. Paul

Official position: Lieutenant

Place of employment: 168 Frontage Rd, Newark, N.J, 07114

How is this person involved in the case?

This defendant is in charge of the supervision and discipline of sergeants and correctional officers at Northern State Prison. This defendant has been placed on notice of the abusive conduct of defendants Marsh and Doyle by a number of complaints and grievances, but has failed to take disciplinary action against them or otherwise control their behavior. Additionally, this defendant condones and supports this unlawful behavior.

Defendant nine - name: John Does 1-20

Official position: Supervisors

Place of employment: 168 Frontage Rd., Newark, N.J, 07114

How is this person involved in the case?

These are the supervisors who failed to adequately train, supervise and/or take disciplinary action to curb the known pattern of unlawful behavior of their rogue subordinates.

Statement of facts:

On November 1, 2014, Plaintiff went to canteen to pick up his order. While at canteen Plaintiff was going to assist another inmate with carrying his bags; however, when Plaintiff was about to do so, the canteen worker gave him a garbage bag so he no longer needed Plaintiff's help. As Plaintiff was passing through the checkpoint, C.O. Marsh aggressively asked Plaintiff why he had a jar of hair grease that wasn't on his receipt. Plaintiff tried to explain that he inadvertently placed the item in his bag because he was helping carry another inmate's bags but the inmate no longer needed his help. The Plaintiff then showed the defendant the inmate he was helping and offered to return the item to the inmate. Defendant Marsh, in an

abusive show of authority, demanded Plaintiff throw the hair grease in the garbage. Plaintiff declined to do so and requested to speak to a sergeant. At that point defendant Wasih told Plaintiff to follow him to a back room where they were followed by defendant Marsh. When they went into the back room defendant Wasih attempted to locate a key to unlock one of the doors, while he was doing that defendant Marsh began yelling in the Plaintiff's face about how bad he would "fuck" him up and then he spit in Plaintiff's face. Instead of defendant Wasih intervening to help plaintiff, he yelled at the Plaintiff not to say shit and accept it. Again, Plaintiff requested to speak to a sergeant but was told by defendants to "shut the fuck up" and "stop bitchin' before we give you something to bitch about."

   After defendant Wasih got the door open, Plaintiff was led in the room and sat in a chair. At that point Defendants, Wasih, Marsh and Doyle were all yelling at Plaintiff. Defendant Wasih said to get the other inmate, whose grease it was, so he could be charged to Plaintiff and the inmate were both given blue sheets, which were thrown out. Defendant Wasih filled out a confiscation sheet and told Plaintiff to sign it. Plaintiff took the form and began reading it which apparently made the defendant mad. Defendant Wasih told the Plaintiff he was about to call a code 33 (the emergency code when officers need assistance) because Plaintiff was starting to piss him off. Plaintiff responded by saying he didn't care, he's not signing anything without reading it. Plaintiff proceeded to read the document but was cut short because defendant Wasih snatched the paper out of Plaintiff's hand causing it to slice through Plaintiff's hand like a razor. Plaintiff was bleeding, in shock and in great pain. Defendant Wasih then wrote, "refused to sign" on the paper, eventhough Plaintiff never refused to sign it, and threw it at the Plaintiff. See Exhibit A attached.

   Plaintiff informed these officers that he would be filing a lawsuit and defendant Doyle began yelling at Plaintiff and calling him a bitch, he didn't intervene to prevent the unwarranted and unprovoked attack on Plaintiff, instead he asked defendant Wasih where Plaintiff was housed at. After Defendant Wasih told him, defendant

Doyle threatened that if Plaintiff wrote the incident up, he would tear Plaintiff's cell up everyday. He then took Plaintiff's canteen receipt, without writing a confiscation sheet, Plaintiff was then forced to stand outside in the freezing rain without a coat for no reason for an extended period of time (about 30 min)

As soon as the Plaintiff got to his housing unit, he wrote the incident up and wrote a medical request so his hand could be treated. On Nov. 4, 2014, the Plaintiff went to medical and was given Bacitracin, USP, which is an antibiotic ointment, to treat the open slice on Plaintiff's hand. As Plaintiff was on his way back to his unit after leaving medical, he was stopped by C.O. Islam, who apologized to him on behalf of the defendants for being a bunch of "dicks." Plaintiff suffered severe emotional distress, he has anxiety, loss of sleep and headaches from stress.

On or about January 12, 2015, Plaintiff was waiting in the legal mail line when a code 33 was called. Lt. St. Paul asked the legal mail officer where the code was, he said it was in "E.D." Defendant St. Paul replied, "He's gettin' fucked up, he's gettin' fucked up Doyle is in there." This deliberately indifferent attitude of defendant St. Paul gives these otherwise individually coward C.O.'s the hearts of lions because they know they can gang up on inmates, viciously assault them and their unlawful actions are condoned and supported by their superiors. Based on Defendant St. Paul's comment, he's aware of defendant Doyle's abusive nature and not only did he fail to curb this behavior, he encourages it.

Defendants Nelson, Lanigan and St. Paul have been placed on notice of the abusive nature of the defendants Marsh and Doyle by a number of complaints and grievances and have failed to curb this behavior. These defendants have established policies which allow miscreant C.O.'s, like defendants Marsh and Doyle, to violate the rights of prisoners without fear of consequences. If a C.O. writes up an inmate, that write up gets heard the same day but if a inmate writes up a C.O. the write-up may get heard in 30 days, most likely it gets thrown in the trash (as is the case here), either way nothing happens to the C.O. for his/her misconduct. The new request forms don't even give inmates the option to report a C.O. (see exhibit B attached). The ineffective and inefficient remedy process for reporting a C.O. is

akin to not having one at all because at the end of the day, inmates have no recourse for reporting abuse. Plaintiff has request assistance from the administration to file charges against these defendants for the threats and assault; however, those pleas fell on deaf ears, but if the shoe was on the other foot and Plaintiff had assaulted the defendants, they would have filed charges immediately. Moreover, since the supervisors cover up the misconduct of their subordinates, they've created an atmosphere where C.O.'s are allowed and encouraged to violate the rights of prisoners without fear of consequence.

Additionally, in the event defendants retaliate against Plaintiff by including but not limited to, shipping him out, searching him or his cell, physical or verbal abuse, as a result of this lawsuit, Plaintiff reserves the right to amend his lawsuit to include these additional claims.

## Causes of Action

The actions of defendants Marsh, Wasik and Doyle in depriving Plaintiff of property without just cause denied Plaintiff due process of law in violation of the fourth, fifth and fourteenth Amendments to the United States constitution.

The actions of defendants Marsh, Wasik and Doyle in using physical force against the Plaintiff without need or provocation, or in failure to intervene to prevent the misuse of force and threats, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Const. These acts were also committed to deprive plaintiff of life, liberty or property without due process of law in violation of the fifth and fourteenth Amendments to the U.S. constitution.

The actions of defendants Doyle, Wasik and Marsh in threatening to search Plaintiff's cell in retaliation for petitioning the government for redress constituted calculated harassment and were done maliciously and sadistically and constituted cruel and unusual

punishment in violation of the Eighth amendment to the U.S. const. These acts were also committed to deprive Plaintiff due process of law in violation of the first, fifth and fourteenth Amendments to the U.S. const.

The actions of defendants Doyle, Marsh and Wasih in forcing Plaintiff to stand in the freezing rain with no jacket for no reason as a form of an unsanctioned punishment was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amend. of the U.S. const.

The actions of defendant Wasih in filing false charges and falsifying evidence denied the plaintiff due process of law in violation of the fourteenth Amend. of the U.S. const.

The failure of defendants Nelson, Lanigan and St Paul to take disciplinary or other action to curb the known pattern of physical abuse of inmates by defendants constituted deliberate indifference to the plaintiff's and other prisoners' safety and contributed to and proximately caused the above described constitutional violations.

The failure of defendants Nelson and Lanigan to implement meaningful policies to sanction rogue C.O's for unlawful behavior constituted deliberate indifference to the plaintiff's and other prisoners' safety, and contributed to and proximately caused the above-described constitutional violations.

The failure of defendant Nelson to assist Plaintiff in filing criminal charges against defendants for assaulting him denied Plaintiff access to the courts in violation of the first, fifth and fourteenth Amendments to the U.S. const.

The actions of defendants Marsh, Wasih and Doyle in denying Plaintiff's request to speak to a sergeant denied Plaintiff due process of law in violation of the fifth and fourteenth Amends. of the U.S. const. These acts were done maliciously and sadistically and were also committed

to deprive Plaintiff due process of law in violation of the first, fourth, fifth, eighth, and fourteenth Amends. to the U.S. Const.

The actions of the defendants in intentionally causing Plaintiff severe emotional distress constituted intentional infliction of emotional distress in violation of Plaintiff's Eighth Amend. to the U.S. Const. These acts were also committed to deprive Plaintiff of life, liberty or property without due process of law in violation of Plaintiff's fifth and fourteenth Amends. to the U.S. Const.

The actions of defendants Marsh, Wasik and Doyle in using physical force against the Plaintiff without need or provocation constituted the tort of assault under the law of New Jersey.

The actions of defendants Marsh, Wasik and Doyle in purposely subjecting Plaintiff to severe distress constituted the tort of intentional infliction of emotional distress under the law of New Jersey.

The actions of defendants Doyle, Marsh and Wasik in threatening retaliation against Plaintiff for filing a lawsuit constituted the tort of harassment and threats under the law of New Jersey.

Defendant ten -- name : C.O. Everett

Official position : Correctional Officer

Place of employment : 168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

.. This defendant woke Plaintiff up, handcuffed him extra tight causing Plaintiff severe pain and escorted him to the detentionary housing unit in retaliation for Plaintiff filing a lawsuit against his fellow defendants.


Defendant eleven -- name : C.O.R. Morales

Offical Position : Correctional officer recruit

Place of Employment : 168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

.. This defendant assisted defendant Everett and a sergeant (name unknown) in escorting Plaintiff to the detention unit. This defendant also stripped searched defendant in front of all the inmates and officers including possible a female officer who may have been watching via video. These acts were done in retaliation for Plaintiff filing a lawsuit against his fellow defendants.


Defendant twelve -- name : Steven Johnson

Official Position : Administrator at Northern State Prison

Place of employment : 168 Frontage Rd., Newark, N.J., 07114

How is this person involved in the case?

.. This defendant is in charge of the supervision and discipline of employees at the Prison. This defendant ordered his subordinates to place Plaintiff in lock up, where he was housed in a cell for 24 hours a day without running water and a broken toilet. This defendant also ordered the transfer of Plaintiff to a higher level security prison, where he is being subjected to harsh living conditions. These acts were done in retaliation for Plaintiff filing a lawsuit against his fellow defendants.


Defendant thirteen -- name : Patrick Nogan

Official Position: Administrator at East Jersey State Prison

Place of Employment: Lock Bag R, Rahway, N.J., 07065

How is this defendant involved in the case?

This defendant is subjecting Plaintiff to unlawful conditions of confinement and/or this defendant is subjecting Plaintiff to unlawful conditions of confinement in retaliation for Plaintiff filing a lawsuit against the defendants. These unlawful conditions include, but not limited to, confining Plaintiff to a cell with no hot water, with a toilet that hardly works, with walls and a ceiling that leaks causing mold, mildew and other fungus to have grown throughout the cell and the denial of grooming articles for upkeep of personal hygiene.


Defendant fourteen--name: Jane Does 1 and 2

Place of Employment: 168 Frontage Rd. Newark, N.J., 07114; Lock Bag R, Rahway, N.J., 07065

How are these defendants involved in the case?

Jane Doe 1 is the female nurse at Northern State Prison who told Plaintiff she didn't care about the injuries to Plaintiff's wrists and refused to provide treatment to plaintiff.

Jane Doe 2 is the female nurse at East Jersey State Prison who refused to provide treatment to Plaintiff's injured wrists when she examined him upon admittance into the facility.

These acts were done in retaliation for Plaintiff filing a lawsuit against defendants.


Defendant fifteen--name: John Does 21-40

Place of Employment: 168 Frontage Rd. Newark, N.J. 07114; Lock Bag R, Rahway N.J. 07065

How are these defendants involved in the case?

These are the other people at Northern State Prison responsible for the retaliatory transfer and lockup of plaintiff, the unknown Sgt. who escorted Plaintiff to lockup and the individuals at East Jersey State Prison responsible for Plaintiff's unlawful conditions of confinement.

Statement of Facts

On May 27, 2015, the Essex County Sheriffs department served Plaintiff's complaint on the defendants. Two days later, on Friday May 29, 2015 Plaintiff was awaken by defendant Everet and instructed to place his hands behind his back so he could be cuffed. This defendant was with two other C.O.'s, defendant Morales and a Sgt. whose identity is presently unknown. After complying with the order, Plaintiff was then walked towards D-unit (which is the detention unit).

As the four of them were walking past the E.D. building (Education department) defendant Wasik was standing at the doorway taunting Plaintiff, stating: "You wanna sue me? Have a nice time at South woods, bye Felisha, bye Felisha, hope you like South woods."

When they arrived at the disciplinary housing unit, they were met by a nurse, whose identity is currently unknown, who asked Plaintiff if he had any issues. Plaintiff responded by saying, "this C.O. cuffed me so tight, I don't even want to breathe, it hurts so bad." The nurse said she didn't care about that and refused to treat Plaintiff's injury.

Plaintiff was then led onto the unit (D-1-E) where he was forced to submit to a strip search which was performed by defendant Morales, in front of the entire unit and in view of the camera.

After the search was complete and the Plaintiff was sufficiently embarrassed and humiliated, he was ordered by the Sgt. to step into cell 115.

Plaintiff was placed in lock up on T.C.C. status (temporary closed custody) without being given a charge or reason for such treatment.

Plaintiff's cell did not have running water and had a toilet that wouldn't flush but somehow managed to leak toilet water all over plaintiff's floor. Although, Plaintiff complained about the conditions, nothing was done to correct them. On Saturday, May 30, 2015, Plaintiff was given a 10 minute shower, the rest of the days plaintiff was

locked in a cell for 24 hours. Plaintiff was forced to urinate in the sink and wash it down with cartons of iced tea, which was given with the meals.

Additionally, Plaintiff was served spoiled food which he couldn't consume and had to throw away, on a daily basis.

While Plaintiff was in his cell, numerous C.O.'s would come to his cell staring, "You're the talk of the town, you'll probably beat that charge." Plaintiff, however, never received a charge.

Several times when the nurse came on the tier, Plaintiff would call to her pleading for some pain meds for his wrists but she just ignored him. Plaintiff was in severe pain and couldn't even sleep. That following Monday Plaintiff complained to the social worker and psycologist about the pain he was in but was referred to the nurse who refused to help him.

Plaintiff was required to be informed of the reason why he was in lockup on T.C.C. status within 72 hours per departmental policy but 4 days later, he hadn't heard a thing. In fact Plaintiff was never given a reason, apart from defendant Wasik saying it was about Plaintiff's lawsuit.

On June 2, 2015, Plaintiff was transferred to East Jersey state prison, which is a maximum security prison. An upgrade from the medium security prison, Northern State prison. Plaintiff wasn't given a reason for the transfer, other than defendant Wasik's statements.

Upon arriving at East Jersey State Prison, Plaintiff was seen by medical personnal. when asked by the nurse if he had any issues Plaintiff stated he did and explained the pain in his wrists. The nurse responded by telling Plaintiff to "drop a slip". Plaintiff questioned why would he have to drop a slip when he was down there now and asked if he could get an asprin or something to ease the pain. His request was refused.

Plaintiff was then escorted to his unit and cell (3-wing cell 136). Upon entering the cell plaintiff noticed the ceiling was cracked and there was mold growing all over it and the walls. The heating vent was covered with it as well. Plaintiff also noticed the floor was wet. That night as Plaintiff was sleeping, he heard a dripping sound. In the morning he found out that his

ceiling leaks everytime the person in the cell above him flushes his toilet. Subsequently, Plaintiff found out about the leaking that occurres when it rains. Additionally, Plaintiff's toilet, like the last cell, barely worked. Plaintiff reported these problems to the first shift officer who said he would submit a order to get it fixed. Plaintiff also realized there is no hot water in his cell for sanitizing utinsels and washing cloths. There isn't even a nozzle to turn the hot water on and off, there's only one nozzle and it lets out cold water. Plaintiff then read a memo, signed by defendant Nogan, stating prisoners will no longer be permitted to wear braids to visit. This new rule was based on "security concerns" because at one point inmates could get their hair braided while at visit but one visitor was caught braiding drugs into an inmates braids. Rather than just banning people from getting their hair braided at visit they chose to make a policy thats unconstitutional because there is no legitimate penological interests in banning braids from visit. The legitimate penological interest only exists in banning inmates from getting their hair braided while at visit. This is a problem for plaintiff because he has braids and but for Plaintiff filing a lawsuit against the defendants, he wouldn't have been transferred and subject to such a pointless policy. Further compounding these constitutional violations, Plaintiff requested an afro-pick to groom himself adequately consistent with adequate personal hygiene but said request was denied. This denial is particularly egregious in light of the fact Plaintiff can't wear braids to visit. On June 10, 2015, Plaintiff collected samples of this deadly fungus which is infesting his cell and mailed them to his fiancee to be tested by the Environmental Protection Agency, results still pending. Defendant Nogan has been placed on notice of the above described violations by a number of work orders and complaints. Moreover, on June 11, 2015 the tier rep. Inmate Washington was informed of these issues and brought them to the attention of the defendant.

   As a result of the defendants' actions Plaintiff's property is now

missing. Since Plaintiff was placed in lock up for no reason, he wasn't able to pack his own property. His legal material is gone, food and stamps are missing and numerous other items are gone. As a result Plaintiff refused to sign for the property he was given.

Moreover, despite the fact that defendant Wasik told Plaintiff he was being transferred because of his lawsuit, the chronology of events leading up to the transfer prove it was done in retaliation for Plaintiff filing a lawsuit. Plaintiff has been housed at Northern State Prison since March of 2011, since being there he's been a model prisoner and has never received any disciplinary charges. He files his lawsuit, which gets served on the defendants May 27, 2015 then 2 days later he's placed in handcuffs, which amounted to an assault because the officer purposely made them extra tight to injure Plaintiff, which he did, and refused to loosen them even after plaintiff asked all 3 of the officers to loosen them, and escorts him to detention before shipping him out. Clearly this was done in retaliation for filing a lawsuit.

Plaintiff suffered additional damages as well. Plaintiff was assigned the Unit social worker aide, which is a skilled job thus pays the highest pay rate, before his transfer and now he has an unskilled job earning the lowest pay rate. Additionally, Plaintiff was on the waiting list for the paralegal class and the N.J. step program, which is a program that offers college courses to inmates. Furthermore, it was convenient being in a prison located in Newark because Plaintiff's attorney is also located in Newark, it is now more difficult for his attorney to come see him.

As the administrator of Northern State Prison, defendant Johnson is on notice of all the above described violations because he ordered them.

Although exhaustion isn't required to be plead, Plaintiff will do so at this time. In order to exhaust institutional remedies prisoners are Required to fill out an inquiry form then a grievance in the event their not satisfied with the response to the inquiry. The grievance has subparts for appeals. In the instant case the defendants have prevented Plaintiff from accessing the grievance forms. In retaliation for exercising his constitutional rights, the defendants transferred Plaintiff without giving him a chance or the proper forms to file the inquiry or grievance forms.

Plaintiff was given the outdated remedy form which he submitted before he was transferred. Additionally, Plaintiff wrote a grievance to the Commissioner complaining about the defendants actions.

At Plaintiff's current institution, the defendants refuse to supply Plaintiff with any grievance forms. Plaintiff complied with the first step by filing an inquiry form but hasn't been able to get any grievances. Plaintiff asked both the first shift and second shift officer for the forms but was told he would have to obtain the forms from the Unit tier rep, or the Unit Social worker. After asking both of these inmates for the forms he was either told they didn't have them or they don't hand them out anymore but he will try to get some. To date, and despite numerous continual requests, plaintiff's attempts have been unsuccessful; therefore, Plaintiff has exhausted all available remedies.

Additionally, the defendants are not being sued for damages in their official capacities, their only being sued for injunctive relief in their official capacities and for damages in their individual capacities.

The complained of conditions are causing Plaintiff to become physically sick as well. Such symptoms include, but are not limited to, upset stomach, irritable and irregular bowel movements, shortness of breath, headaches and night sweats. Because this deadly cocktail of rust, bacteria and fungi is inside the vent, it becomes airborne when the vent blows air. In an attempt to eliminate or at least mitigate the damages, Plaintiff blocked the vent with a piece of cardboard so these particles wouldn't be free to infest and eat away at Plaintiff's lungs and other vital organs. However, during one of the shakedowns, one of the C.O.'s ripped the block off the vent. Additionally, these particles also hitch a ride in the dripping water which drips all around Plaintiff's room which gets all over his things, including his food bowl, cloths, legal work, etc. Moreover, the stench of this deadly cocktail resulting from breathing it in is unbareable at times, not only does it make plaintiff physically sick, it also prevents him from sleeping.

Causes of Action

The actions of defendants Everett and Morales in using mechanical/physical force against the plaintiff without need or provocation, or in failure to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. constitution

The actions of defendants Everett, Morales and Johnson in placing Plaintiff in a segregated unit or in ordering Plaintiff's placement in segregated unit in retaliation for filing a lawsuit, violated Plaintiff's First Amendment of the U.S. constitution. These acts were also committed to deprive Plaintiff of life, liberty or property without due process of law in violation of the Fifth and Fourteenth Amendments of the U.S. constitution

The actions of defendant Wasik in taunting and harrassing Plaintiff in retaliation for filing a lawsuit, denied the plaintiff due process of law in violation of the First Amendment of the U.S. Constitution.

The actions of defendant Morales in strip searching Plaintiff in retaliation for filing a lawsuit, denied Plaintiff due process of law in violation of the First Amendment of the U.S. Constitution. These acts also constitute an unreasonable search and seizure in violation Of the Fourth Amend. of the U.S. Const.

The actions of defendant Johnson in shipping Plaintiff to another prison for filing a lawsuit Constituted retaliation in violation of the First Amend of the U.S. const. These acts also contributed to and proximately caused Plaintiff to lose his property.

The actions of defendants Johnson and Nagan in subjecting Plaintiff to unconstitutional living conditions in retaliation for Plaintiff filing a lawsuit, denied Plaintiff due process of law in violation of the First Amendment

to the U.S. Constitution. These acts also constituted deliberate indifference to the plaintiff's and other prisoners' safety and contributed to -and proximately caused the Eighth Amendment violation described herein.

The actions of defendants Johnson and Nogan in subjecting Plaintiff to unconstitutional conditions of confinement in retaliation for filing a lawsuit or in subjecting Plaintiff to unconstitutional conditions of confinement, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Const.

The actions of defendant Wasks in harrassing Plaintiff in retaliation for filing a lawsuit constitute the tort of harrassment under the law of New Jersey.

The failure of defendant Nogan to provide Plaintiff with adequate grooming articles or allow him to purchase these items violated Plaintiff Eighth Amend. rights.

The actions of defendant Johnson in taking Plaintiff's property or causing it to be taken were done to deprive Plaintiff of life, liberty or property without due process of law in violation of the Fifth and Fourteenth amends. of the U.S. const.

The actions of defendants Morales and Everet in handcuffing or in failure to intervene to prevent the handcuffing of plaintiff in retaliation for filing a lawsuit were done to deprive plaintiff of the right of bodily liberty in violation of the fourth Amend. of the U.S. const. These acts were also committed to deprive plaintiff due process of law in violation of the first, fifth and fourteenth amends. to the U.S. const.

The failure of defendant Nogan to provide Plaintiff with hot water in his living space was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth amend. of the U.S. Constitution.

The actions of defendant Nogan in discriminating against Plaintiff for having braids

were done to deprive Plaintiff life, liberty or property without due process of law in violation of the fifth and Fourteenth Amends to the U.S. Constitution.

The actions of defendant Johnson in transferring Plaintiff from a medium security prison to a maximum security Prison in retaliation for filing a lawsuit, were done to deny Plaintiff life, liberty or property without due process of law in violation of the Fifth and Fourteenth amends. to the U.S. Const.

The defendant in this action resides at _168 Frontage Rd, Newark_

(defendant's address)

In the County of  0 ESSEX            , State Of New Jersey.

(name of county where defendant lives)

2.  Plaintiff is entitled to relief from defendant under the above facts.

3.  The harm that occurred as a result of defendant's acts include:

(list each item of damage and injury),

1. Issue an injunction ordering Defendants to refrain from harrassing Plaintiff in retaliation for filing this lawsuit
   - Issue an injunction prohibiting Defendants from shipping Plaintiff to another prison in retaliation for filing this lawsuit.
2. Issue an injunction ordering Defendant Nelson to provide assistance to plaintiff to file criminal charges against the Defendants who assaulted him.
   - Award compensatory damages jointly and severally in the amount of $100,000 against the defendants.
3. Award punitive damages in the amount of $100,000 against each Defendant.
   - Any other relief the Plaintiff is entitled to

Wherefore, plaintiff requests judgment agains t defendant for damages, together with attorney's fees, if ap plicable, costs of suit, a nd any other relief a s the co urt may deem proper.

Dated: _1 / 31 / 15_            Signature: _Lo May la_

## CERTIFICATION OF NO OTHER ACTIONS

I c ertify that the dispute about whic h I am s uing is not the s ubject of any other action pending in any ot her court or a pending ar bitration proceeding to the best of my knowledge and belief.  Also, to t he bes t of my  knowledge and belief no other action or arbi tration pr oceeding is contempl ated.  Fur ther, ot her than t he parties set forth in this complaint, I k now of no other parties  that should be made

Claims for relief (cont.)

Issue an injunction ordering defendants to allow Plaintiff to wear braids during v.s.t.

Issue an injunction ordering defendants to allow Plaintiff to purchase adequate grooming articles, namely an afro pick.

Issue an injunction ordering defendants to fix Plaintiff's cell.

Issue a declaratory judgment stating that:

1. Plaintiff was transferred in retaliation for filing a lawsuit.

2. There is no legitimate penological interest in banning Plaintiff from wearing braids to v.sit.

3. Plaintiff is entitled to adequate grooming articles for upkeep of personal hygiene (an afro pick).

4. Plaintiff's living conditions as described in his complaint are unconstitutional.

Issue an injunction ordering defendants to transfer Plaintiff into Federal custody.

E. J. S. P.
Lockbag R
Rahway, N J 07065





U.S. POSTAGE
PAID
JAMESBURG,NJ
08831
JUL 14, 15
AMOUNT
$1.86
00033040-04

1000    07101

XRAYED

RECEIVED
JUL 1 6 2015
AT 8:30 ____ M
WILLIAM T. WALSH, CLERK

Clerk
United States District Court
50 Walnut St.
Newark, N.J. 07101

