# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

September 6, 2016

### LETTER ORDER/OPINION

### Re:  Love v. New Jersey Department of Corrections, et al.
### Civil Action No. 2:15-cv-4404 (SDW-SCM)

Dear Litigants:

This matter comes before the Court by way of Plaintiff Lemont Love's ("Mr. Love") informal motions requesting additional time in East Jersey State Prison's law library and the appointment of an expert witness.[1]  Mr. Love has filed numerous actions in this District.[2]  The State Defendants oppose Mr. Love's informal motions.[3]  After review of the parties' submissions, the Court denies both requests.

---

[1] (ECF Docket Entry ("D.E.") 42, 43).

[2] *See Love v. City of New Brunswick et al.*, No. 3:16-cv-02586-FLW-DEA (D.N.J. Filed May 9, 2016); *Love v. Department of Corrections et al.*, No. 2:16-cv-02017-SDW-SCM (D.N.J. Filed Apr. 12, 2016); *Love v. New Jersey Department of Corrections et al.*, No. 2:15-cv-03681-SDW-SCM (D.N.J. Filed June 2, 2015); *Love v. New Jersey Department of Corrections et al.*, No. 2:14-cv-05629-SDW-SCM (D.N.J. Filed Sept. 10, 2014); *Love v. New Jersey State Police et al.*, No. 3:14-cv-01313-FLW-TJB (D.N.J. Filed Feb. 28, 2014); *Love v. Department of Corrections et al.*, No. 2:13-cv-01050-SDW-SCM (D.N.J. Filed Feb. 21, 2013); *Love v. Law Office of Richard M. Roberts et al.*, No. 3:11-cv-04500-JAP-DEA (D.N.J. Filed Aug. 4, 2011); *Love v. Middlesex County Prosecutors Office et al.*, No. 3:11-cv-04154-PGS-DEA (D.N.J. Filed July 20, 2011).

[3] (D.E. 45).

ANALYSIS

Mr. Love complains that the East Jersey State Prison administration will not provide him with extra time in the law library without a court order, and that additional time is needed to prepare for discovery in this action.[4] Defendants argue that decisions concerning library time "should be left to the prison officials as they are in the best position to understand the daily operation of the facilities."[5]

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."[6] "Nevertheless, prisoners must be afforded the availability of either 'adequate law libraries or adequate assistance from persons trained in the law,' to exercise their right of court access."[7] Holdings in some circuits suggest that this right is limited to the completion of a habeas petition or a complaint for a civil rights action as opposed to proceedings through trial.[8]

Without assuming the existence of any right beyond the access necessary to file a pleading which is accepted by the Court, as Mr. Love has achieved here, at this stage Mr. Love must

---

[4] (D.E. 42).

[5] (D.E. 45 at 1).

[6] *Price v. Johnston*, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356 (1948), *overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

[7] *Mitchell v. Wydra*, 377 F.App'x 143, 144 (3d Cir. 2010) (quoting *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

[8] *See Knop v. Johnson*, 977 F.2d 996, 1006–07 (6th Cir.1992) (prisoner access "means getting the courthouse door opened in such a way that it will not automatically be slammed shut on them."), *cert. denied,* 507 U.S. 973, 113 S. Ct. 1415, 122 L. Ed. 2d 786 (1993); *Nordgren v. Milliken*, 762 F.2d 851, 855 (10th Cir.) (access does not extend beyond "completion of the complaint for a federal habeas or civil rights action"), *cert. denied,* 474 U.S. 1032, 106 S. Ct. 593, 88 L. Ed. 2d 573 (1985).

demonstrate that: "(1) he suffered an "actual injury" (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy . . . that can possibly compensate for the lost claim."[9] Mr. Love has not thus far demonstrated an "actual injury" requiring the Court's intervention. He has not indicated the amount of time he is already allotted in the library, and also failed to provide any information regarding the hours of operation or policies of the East Jersey State Prison law library. In the absence of such information, the Court cannot evaluate the reasonableness of Mr. Love's request and therefore it is denied.

The Court also finds that Mr. Love's request to appoint an expert must be denied. Federal Rule of Evidence ("FRE") 706(a) states that a district court may "order the parties to show cause why expert witnesses should not be appointed."[10] A court-appointed expert is entitled to compensation "from any funds that are provided by law" or from "the parties in the proportion and at the time that the court directs—and the compensation is then charged like other costs."[11] The Third Circuit has never held that FRE 706 can be used to appoint an expert for an indigent plaintiff and apportion the costs of an expert to opposing counsel.[12] Even if the rule allowed for such a circumstance, Mr. Love has not provided the Court with justification for an expert, aside from the argument that "Plaintiff's case will be lost at summary judgment."[13] At this stage, the Court finds

---

[9] *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008).

[10] Fed. R. Evid. 706(a).

[11] Fed. R. Evid. 706(c).

[12] *See Born v. Monmouth Cty. Corr. Inst.*, 458 F. App'x 193, 197–98 (3d Cir. 2012).

[13] (D.E. 43 at 3).

3

that Mr. Love's claims alleging civil rights violations and retaliation do not require expert testimony as any development in evidence is based on his personal knowledge.

For the foregoing reasons, Mr. Love's informal motions requesting additional time in the law library and appointment of an expert are **denied without prejudice**. [14] If Mr. Love wishes this Court to consider his request for additional library time, he shall provide the Court with a copy of East Jersey State Prison's law library's policies, operating schedule, and the supplemental information noted above.

The Clerk of the Court shall provide a copy of this Order to Mr. Love by regular mail.

**IT IS SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/6/2016 9:58:10 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

Mr. Lemont Love
670637/331321C
East Jersey State Prison
LOCKBAG R
Rahway, NJ 07065

---

[14] (D.E. 42, 43).