# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of | Martin Luther King Jr, Federal Bldg. |
| **STEVEN C. MANNION** | **& U.S. Courthouse** |
| United States Magistrate Judge | **50 Walnut Street** |
| | **Newark, NJ 07102** |
| | **(973) 645-3827** |

November 4, 2016

### LETTER ORDER/OPINION

**Re:**   **D.E. Nos. 47, 49**

**Love v. New Jersey Department of Corrections, et al.**
**Civil Action No. 2:15-cv-04404 (SDW)(SCM)**

Dear Litigants:

This Court *sua sponte* reconsiders its Order denying *Pro se* Plaintiff Lemont Love's
("Mr. Love") motion for additional library time and appointment of an expert,[1] because Mr.
Love has submitted additional information for review.[2]  Mr. Love also asks the Court to enjoin
corrections officers at East Jersey State Prison from retaliating against him.[3]  Upon careful
consideration of the parties' written submissions, the Court affirms its prior findings and also
**DENIES** Mr. Love's informal request to enjoin East Jersey State Prison's corrections officers.[4]

---

[1]  (ECF Docket Entry No. ("D.E.") 47).

[2]  (D.E. 50).

[3]  (D.E. 43, 44, 49).

[4]  (D.E. 50).

<u>Discussion</u>

All judges have discretion to reconsider their own interlocutory orders prior to final judgment.[5]  Here, Mr. Love has provided additional evidence with regard to East Jersey State Prison's library policies which were not available to the Court when its initial decision was made.[6]  According to Mr. Love, the East Jersey State Prison requires prisoners to submit a request seventy-two hours in advance of the time they wish to enter the library.[7]  Mr. Love also states that the law library is open from 9:00 to 11:00 a.m., 1:00 to 3:00 p.m., and 6:00 to 8:00 p.m.[8]  Upon reconsideration of the East Jersey State Prison library's hours and policies, the Court affirms its previous Order denying Mr. Love's request for additional library time.  The library's hours of operation are more than sufficient, and based on the numerous filings and timely appeal of this Court's previous Order, Mr. Love's access to the law library does not appear hindered in any meaningful way.[9]

The Court also *sua sponte* reconsiders its denial of Mr. Love's request to appoint an expert.  Mr. Love now argues that the Court's denial ignored the argument that an expert is only being sought for claims related to unlawful conditions of confinement and such "[a]n expert is certainly needed to prove . . . conditions" arising from mold, free flowing asbestos, fungus, polluted water, etc. exist."[10]  The Court affirms its prior denial because the newly offered information does not

---

[5]  FED. R. CIV. P. 54(b).

[6]  *See Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

[7]  (D.E. 50 at 2).

[8]  (*Id.*).

[9]  (D.E. 48, 49, 50, 54).

[10]  (D.E. 50 at 3).

change the scope of Rule 706 of the Federal Rules of Evidence, nor does it change the Rule's inapplicability to Mr. Love's situation.  "[T]he purpose of Rule 706 is to appoint independent experts that will *aid the Court*."[11]  Rule 706 is not used "for the purpose of aiding an indigent litigant, incarcerated or not." [12]   In this case, an expert is not required to assist the Court in determining the alleged conditions of confinement.

Lastly, Mr. Love asks the Court to enjoin the East Jersey State Prison from transferring him to another facility and taking other retaliatory actions against him.[13] Mr. Love's request is not within the Court's jurisdiction because we "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."[14] This Court does not oversee the day-to-day management of East Jersey State Prison and will not interfere with its policies and practices. As for the actions that Mr. Love alleges are retaliatory, i.e. being strip searched or transferred to another cell, there is no indication that these actions represent any deviation from normal prison procedures or are related to the filing of this lawsuit in any way. [15]

---

[11] *Locascio v. Balicki,* No. CIV. 07-4834 RBK AMD, 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010) (internal citations omitted) (emphasis added).

[12] *Id.* (internal citations omitted).

[13] (D.E. 43, 44, 49). *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) ("A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest").

[14] *Burgos v. Canino,* 334 F. App'x 457, 459 (3d Cir. 2009) (internal citations omitted).

[15] (*See* D.E. 43, 49, 50).

The Court has *sua sponte* reconsidered its previous Order denying Mr. Love additional library time and the appointment of an expert.[16]  For the reasons stated herein, the Court affirms its previous Order and **DENIES** Love's informal request to enjoin East Jersey State Prison's corrections officers.[17]

**IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/4/2016 5:47:46 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
 File

c (via U.S. Mail):

Mr. Lemont Love
670637/331321C
East Jersey State Prison
LOCKBAG R
Rahway, NJ 07065

---

[16]  (D.E. 47).

[17]  (D.E. 43, 44, 47, 49).