<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 19, 2016

Lemont Love
670637/331321c
East Jersey State Prison
Lockbag R
Rahway, NJ 07065
*Pro Se Plaintiff*

Ashley Gagnon
Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625
*Counsel for Defendants*

<u>**LETTER ORDER FILED WITH THE CLERK OF THE COURT**</u>

    Re:    Love v. New Jersey Department of Corrections, et al.
             Civil Action No. 15-4404 (SDW) (SCM)

Litigants:

    Before this Court is *pro se* Plaintiff Lemont Love's Appeal of Magistrate Judge Mannion's Order denying Plaintiff's motion for additional library time and appointment of an expert.

    This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, affirms Magistrate Judge Mannion's Order.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

    In July 2016, Plaintiff filed two informal motions seeking additional time in the East Jersey State Prison's law library, as well as the appointment of an expert witness. (Dkt. Nos. 42, 43.) On September 9, 2016, Magistrate Judge Mannion denied those motions without prejudice on the grounds that Plaintiff had not made the requisite showing to justify granting either request.

(Dkt. No. 47 at 3-4.) Plaintiff appealed this ruling in a letter dated September 14, 2016, arguing that the Magistrate Judge "misconstrued" his request regarding library time, and that the denial of his request for an expert was "clearly erroneous." (Dkt. No. 50.) On November 4, 2016, the Magistrate Judge *sua sponte* reconsidered his September 9, 2016 Order based on the additional information contained in Plaintiff's appeal, and affirmed his decision to deny both motions. (Dkt. No. 56.) Plaintiff's original appeal, however, remains pending. This Court will therefore treat Plaintiff's submission as an appeal of the Magistrate Judge's November 4, 2016 Order.

## II.  DISCUSSION

### A. Standard of Review for Appeal of Magistrate Judge's Order

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

### B. The Magistrate Judge's September 20, 2016 Order Was Not Clearly Erroneous or Contrary to Law

Plaintiff has failed to demonstrate that the Magistrate Judge's Order was clearly erroneous or contrary to law. As the Magistrate Judge noted, Plaintiff's access to the law library does not appear hindered in any meaningful way that would justify intervention by this Court. Moreover, Plaintiff's reliance on Federal Rule of Evidence 706 in his request to appoint an expert is misplaced. As observed by the Magistrate Judge, Rule 706 is not intended to guarantee indigent plaintiffs access to expert witnesses in order to make their case. Rather, its purpose is to aid the Court when, for example, "the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Locascio v. Balicki*, Civ. No. 07-4834 (RBK-AMD), 2010 WL 5418906, at *4 (D.N.J. Dec. 23, 2010). The Court requires no such aid at this juncture.

**III. CONCLUSION**

For the reasons set forth above, Plaintiff's appeal of the Magistrate Judge's November 4, 2016 Order is **DENIED**.

**SO ORDERED**.

_____/s/ /Susan D. Wigenton_____
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
    Steven C. Mannion, U.S.M.J.