# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

February 1, 2017

### LETTER ORDER/OPINION

Re:   D.E. 67
      Love v. New Jersey Dep't of Corrections, et al.
      Civil Action No. 15cv4404 (SDW)(SCM)

Dear Litigants:

Before this Court is Defendant Patrick Nogan's ("Officer Nogan") motion to extend time to answer, move, or otherwise reply to Plaintiff Lemont Love's ("Mr. Love") Amended Complaint under Federal Rule of Civil Procedure 6(b)(1)(B).[1]  Mr. Love opposes the motion and alternatively requests leave to supplement his Amended Complaint.[2]  For the reasons set forth herein, the Court **grants** Officer Nogan's motion and **denies** Mr. Love's request.

### PROCEDURAL HISTORY

Plaintiff, Mr. Love, initiated this action against Defendants, New Jersey Department of Corrections, Northern State Prison, and certain individual officers alleging violations of his civil rights.[3] On October 5, 2015, Mr. Love filed an Amended Complaint alleging retaliation and

---

[1] (ECF Docket Entry No. ("D.E.") 67).

[2] (D.E. 70).

[3] (D.E. 1, Ex. A).

condition of confinement claims against additional officers including but not limited to Defendant, Officer Nogan.[4] On November, 28, 2016, the United States Marshal's Service filed proof of constructive service upon Officer Nogan.[5] On January 4, 2017, counsel at the New Jersey Attorney General's Office entered an appearance on his behalf.[6]

## DISCUSSION & ANALYSIS

I.     Magistrate Judge Authority

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[7] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions.[8] This includes scheduling motions[9] and motions permitting the filing of an answer out of time.[10] A court's power to extend time is employed to expedite disposition of the action and discourage wasteful pretrial activities[11] with the goal of securing "the just, speedy, and inexpensive

---

[4] (D.E. 19).

[5] (D.E. 58).

[6] (D.E. 65).

[7] 28 U.S.C. § 636(b)(1)(A).

[8] L. Civ. R. 72.1(a)(1).

[9] Fed. R. Civ. P. 16(a).

[10] *See AllGood Entm't, Inc. v. Gridiron Video*, No. CIV. A. 09-2406 JLL, 2012 WL 395373, at *4 (D.N.J. Feb. 6, 2012) (citing L. Civ. R. 72.1(a)(1)); *Howard Johnson Int'l, Inc. v. SSR, Inc.*, Civil Action No. 14-4611 (KM), 2015 U.S. Dist. LEXIS 94343, at *4 (D.N.J. July 20, 2015).

[11] Fed. R. Civ. P. 16(a).

determination of every action and proceeding."[12] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[13]

  II.  Defendant's Motion to Extend Time

Here, Officer Nogan requests an extension of time to answer, move, or otherwise reply to the Amended Complaint under Rule 6(b) of the Federal Rules of Civil Procedure. The Court may for "good cause" extend deadlines if a party failed to act within a specified time and the failure to act is based on "excusable neglect."[14] An excusable neglect determination is an equitable one, and the inquiry takes account of "all relevant circumstances surrounding the party's omission."[15] To determine whether Mr. Nogan has demonstrated "excusable neglect," the Court considers the following non-exclusive factors: "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[16]

On balance, the Court finds that Mr. Nogan has demonstrated "excusable neglect" and there is good cause to allow him to file a late Answer, move, or otherwise reply to the Amended Complaint. Defense counsel certifies that while service was "evidently accepted on behalf of Defendant Nogan on December 3, 2015," he "did not become aware of the suit against him until

---

[12] Fed. R. Civ. P. 1.

[13] 28 U.S.C. § 636(b)(1)(A).

[14] Fed. R. Civ. P. 6(b)(1)(B).

[15] *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[16] *Murdock v. Borough of Edgewater*, 600 F. App'x 67, 71 (3d Cir. 2015) (internal citations omitted).

shortly after the executed summons was e-filed on November 28, 2016."[17] Furthermore, "[o]nce Defendant Nogan became aware of the Amended Complaint, he requested representation by the Attorney General's Office."[18] Upon Officer Nogan's request, an investigation commenced and "approval for representation was promptly completed."[19]

Under these circumstances, there is no indication that Officer Nogan acted in bad faith as the delay appears to have been beyond his control. The docket illustrates that upon the filing of summons, approximately one month transpired until counsel entered an appearance on Officer Nogan's behalf.[20] In other words, Officer Nogan became aware of the Amended Complaint on November 28, 2016 and sought counsel, the Attorney General's Office commenced an investigation, and "approval for representation was promptly completed."[21] There is also nothing before this Court to indicate that Mr. Love has been meaningfully prejudiced by the delay.[22] Rather, the bulk of his opposition is grounded in his disagreement with Defense counsel's certification and whether Office Nogan had knowledge of the suit against him. For example, Mr. Love previously wrote to the Court complaining that Office Nogan moved him to another prison cell due to "mold complaints" on or about September 1, 2016.[23] Accordingly, "[t]o claim

---

[17] (D.E. 67-3, Certification of Ashley Gagnon ("Gagnon Cert.") ¶¶ 5-6).

[18] (D.E. 67-3, Gagnon Cert. ¶ 7).

[19] (*Id.* ¶ 9).

[20] (D.E. 65).

[21] (D.E. 67-3, Gagnon Cert. ¶¶ 7-9).

[22] Some prejudice is inherent in any delay but "delay alone is not a sufficient basis for establishing prejudice." *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982)).

[23] (D.E. 49).

defendant Nogan just learned about the lawsuit on Nov[ember] 28 is simply false." [24] The Court finds that even if Officer Nogan knew of a mold complaint, it does not mean he was aware of Mr. Love's lawsuit or that he himself was named as a Defendant. This is especially true whereas here "there is no indication that Defendant Nogan was . . . personally served." [25] Lastly, and contrary to Mr. Love's position, the Court finds that Officer Nogan must be able to respond to the Amended Complaint to ensure the "speedy resolution" of this case on the merits.[26] Mr. Love himself has previously complained of Officer Nogan's failure to file an Answer; however, now that an extension is being sought Mr. Love opposes the request.[27] Given that discovery is not yet concluded and Mr. Love seeks relief from Officer Nogan, the Court finds that there is good cause to grant the extension based on "excusable neglect."[28]

III.  Plaintiff's Request for Leave to Supplement the Amended Complaint

Mr. Love has informally requested leave to supplement his complaint[29] but has failed to provide a proposed pleading. The Court's Local Rules require the moving party to "attach . . . a copy of the proposed pleading."[30] Furthermore, the Amended Scheduling Order which likely

---

[24] (D.E. 70).

[25] (D.E. 73).

[26] (D.E. 70 at 2). *See also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting the Third Circuit's preference for deciding cases on the merits) (internal citations omitted).

[27] (D.E. 64).

[28] Mr. Love previously stated that the time to answer expired long ago yet he claimed he could not file a motion for default "for fear of being retaliated against" by Officer Nogan. (D.E. 64 at 2).

[29] (D.E. 70).

[30] See L. Civ. R. 7.1(f).

crossed in the mail with Mr. Love's request, expressly addresses the manner by which the parties may amend their pleadings. In pertinent part, the Amended Scheduling Order provides:

> 8. If there is consent for a proposed pleading, file the amended pleading with a stipulation per Rule 15(a)(2) via ECF. If there is no consent:
>
> a. The party seeking leave shall first seek consent by presenting counsel for the adversary with 1) the proposed pleading, 2) a letter explaining what changes are being made from the current pleading to the proposal (or a redlined (or track changes) version of the proposed pleading), and 3) a stipulation to file on consent. The recipient shall either consent or provide written objection(s) supported by a letter brief to the requester within 14 days. The requester will then either draft a new proposal and restart the process or provide its response supported by a letter brief within 10 days. This process should be repeated until there is either consent or an impasse.
>
> b. Impasse. If there is an impasse after a genuine effort to resolve the dispute, the party seeking to amend or supplement shall request leave to file no later than 3/3/2017. The request for leave shall include 1) the proposed pleading, 2) the redlined (or track changes) version of the proposed pleading, 3) the respective letter briefs regarding futility, and 4) a proposed form of order. See L.Civ.R. 7.1(f). If a party seeks to file a motion to amend or supplement after the specified date, the party must show good cause why the application could not have been done earlier.[31]

For these reasons, the Court agrees with Defendants that Mr. Love must make his demands by the proper procedure, including but not limited to, providing a proposed pleading.[32] Accordingly, this request for leave to supplement the Amended Complaint is denied without prejudice.

An appropriate Order follows:

---

[31] (D.E. 69 ¶ 8).

[32] (D.E. 73).

## ORDER

**IT IS** on this Wednesday, February 01, 2017,

1. **ORDERED**, that Defendant Nogan's motion to extend time to answer, move, or otherwise reply to the Amended Complaint is granted within twenty days of the date of this Order; and it is further

2. **ORDERED**, that Plaintiff Love's request for leave to file a supplemental Complaint is denied without prejudice; and it is further

3. **ORDERED**, that the Clerk of the Court shall provide a copy of this Order to the Plaintiff.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/1/2017 8:15:54 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ 07065