# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

July 24, 2017

### LETTER ORDER/OPINION

Re:   D.E. 127, 128

   <u>Love v. New Jersey Dep't of Corrections, et al.</u>
   <u>Civil Action No. 15cv4404 (SDW)(SCM)</u>

Dear Litigants:

Before this Court are Plaintiff Lemont Love's ("Mr. Love") requests for an order directing the United States Marshals Service ("Marshals Service") to serve a subpoena.[1] Defendants have not opposed the request. Mr. Love's requests nonetheless fail to include a statement demonstrating his need for this relief and do not cite to any authority to support the expenditure of public funds to cover his litigation expenses. Therefore, his requests are **denied without prejudice**.

First, Mr. Love has not shown why service of the subpoena by the Marshals Service is justified. No special agent is required to serve a subpoena. Generally, any person who is "at least 18 years old and not a party" to the suit may serve a subpoena.[2] This Court need not determine at this juncture whether service of a subpoena by certified mail is appropriate but it is clear that Mr.

---

[1] (ECF Docket Entry No. ("D.E.") 127, 128). The subpoena was not added to the docket until Mr. Love's second request was entered on 7/21/2017.

[2] FED. R. CIV. P. 45(b)(1).

Love has access to the mail and that such service has been described as a "sensible option" to reduce "the costs of litigation."[3]

Second, though this Court may order the Marshals Service to serve a subpoena,[4] Mr. Love's request has not accounted for the fee and costs to be tendered. When attendance is required to respond to a subpoena, the person serving the subpoena must tender "the fees for 1 day's attendance and the mileage allowed by law."[5] The present subpoena commands that the New Jersey Department of Corrections Custodian of Records (the "Custodian") produce "all documents concerning [Mr. Love's] transfer from" one prison to another at East Jersey State Prison.[6] Alternatively, it provides that the Custodian "can mail documents to [the] address below."[7] Mr. Love's request has made no provision for the attendance option or costs of production.

Congress has empowered the Marshals Service to serve subpoenas at the direction of a district court.[8] The circumstances in which the Marshals Service may tender a witness fee is

---

[3] *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). *See New Jersey Bldg. Laborers Statewide Ben. Funds & Trustees Thereof v. Torchio Bros.*, No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009) (holding that "[c]ertified mail serves the same purpose as Rule 45(b)" and finding that petitioner's compliance with Rule 45 and personal delivery through certified mail with proof of receipt of the certified letter rendered a subpoena valid) (internal citations omitted); *Doe v. Hersemann*, 155 F.R.D. 630, 630–31 (N.D. Ind. 1994) (holding that FED. R. CIV. P. 45 permits service of a subpoena by certified mail). *See also New Jersey Bldg. Laborers' Statewide Ben. Funds & the Trustees Thereof v. Gen. Civil Corp.*, No. 08-6056, 2009 WL 2778313, at *2 (D.N.J. Sept. 1, 2009).

[4] 28 U.S.C. § 566(a).

[5] FED. R. CIV. P. 45(b)(1).

[6] (D.E. 127-1).

[7] (*Id.*).

[8] 28 U.S.C. §§ 565, 566(a).

prescribed by statute[9] and the those situations do not apply to an indigent civil litigant in a case not involving the United States.

The Supreme Court has stated that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress."[10] Likewise, the United States Constitution prohibits the expenditure of funds drawn from the Treasury, except as approved by appropriations made by law.[11] The Antideficiency Act also prohibits obligating the United States Government "for the payment of money before an appropriation is made unless authorized by law."[12] Therefore, requiring the Marshals Service to pay a witness fee for Mr. Love would only be appropriate if authorized by federal law and there is an appropriation for such an expense.

Mr. Love is an indigent civil litigant proceeding *in forma pauperis* under 28 U.S.C. § 1915. The Eighth Circuit Court of Appeals previously considered "the expenditure of federal funds for fees and expenses of witnesses subpoenaed by indigent civil litigants."[13] In *Means*, the Marshals Service appealed a district court order that it serve subpoenas and pay fees and costs for subpoenaed witnesses to appear. The Eighth Circuit held that Section 1915 "neither expressly nor implicitly authorizes the prepayment of the witness fees and expenses" by the government for an indigent civil litigant.[14] Several cases in this Circuit have reached the same conclusion.[15] The

---

[9] 28 U.S.C. § 1825 (payment of witness fee in case involving the United States).

[10] *United States v. MacCollom*, 426 U.S. 317, 321, 96 S. Ct. 2086, 2089–90, 48 L. Ed. 2d 666 (1976).

[11] U.S. Const. art. I, § 9, cl. 7.

[12] 31 U.S.C. § 1341(a)(1)(B).

[13] *U.S. Marshals Serv. v. Means*, 724 F.2d 642, 643 (8th Cir. 1983), *on reh'g* 741 F.2d 1053 (8th Cir. 1984).

[14] *Id.* at 646.

Circuit noted that authority to pay witness fees and expenses exists where the United States is a party to a civil or criminal case,[16] and for "the service of subpoenas without cost to indigent criminal defendants[ ]."[17] This Court is unaware of any parallel or "similar provision . . . on behalf of an indigent party in civil actions."[18]

Mr. Love's request for an order directing the Marshals Service to serve a subpoena is **denied without prejudice**.  The Court will reconsider this issue if Mr. Love shows justification for his request and cites authority for the Marshals Service to tender a witness fee on his behalf.[19]

**IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/24/2017 5:53:30 PM

Original: Clerk of the Court

---

[15] *See also Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant") (internal citation omitted); *Augustin v. New Century TRS Holding, Inc.*, No. 08-326, 2008 WL 5114268, at *3 (W.D. Pa. Nov. 25, 2008) (same); *McAleese v. Owens*, No. 88-1669, 1991 WL 329930, at *4–5 (W.D. Pa. Dec. 5, 1991) (internal citations omitted).

[16] 28 U.S.C. § 1825.

[17] FED. R. CRIM. P. 17(b).

[18] *McAleese*, 1991 WL 329930, at *5.

[19] *See Badman v. Stark*, 139. F.R.D. 601, 605 (M.D. Pa. 1991) (noting that "the Clerk be ordered to refuse . . . requests for the issuance of subpoenas" where an *in forma pauperis* plaintiff has not demonstrated that he has made a provision for the costs of the discovery).

Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
 File

Mr. Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ 07065