UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| LEMONT LOVE, | |
|---|---|
| Plaintiff, | Civil Action No. |
| v. | 2:15-CV-04404-SDW-SCM |
| NEW JERSEY DEPARTMENT OF CORRECTIONS *et al.*, | **OPINION AND ORDER ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND** |
| Defendants. | **[D.E. 99]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before this Court is Plaintiff Lemont Love's ("Mr. Love") informal "Motion for Leave to File a Supplemental Complaint."[1] Defendants Corrections Officers Robert Wasik, Gerald Doyle, Ruben Morales ("Officer Morales") and Administrator Patrick Nogan ("Mr. Nogan") (collectively, the "State Defendants") oppose the application.[2] Mr. Love has replied.[3] This Court has reviewed the parties' respective submissions and heard oral argument on September 14, 2017.[4] After careful consideration and for the reasons set forth below, Mr. Love's request is **GRANTED IN PART AND DENIED IN PART**, and this Court will **SEVER** the proposed supplemental claims from the present lawsuit.

---

[1] (ECF Docket Entry No. ("D.E.") 99). Unless stated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 133, Defs.' Opp.).

[3] (D.E. 137, Pl.'s Reply).

[4] Fed. R. Civ. P. 78.

I.      **BACKGROUND AND PROCEDURAL HISTORY**[5]

As the parties are intimately familiar with the facts surrounding this matter, this Court will address only those relevant to the present application. Mr. Love's operative complaint consists of civil rights claims.[6] Shortly after this case was removed from state court, the parties consented to amend the complaint.[7] After Mr. Love filed his Amended Complaint, certain defendants moved to dismiss nearly all of Mr. Love's claims.[8]

On May 12, 2016, this Court issued an Opinion and Order allowing claims to proceed against the State Defendants on Mr. Love's allegations of being made to stand out in freezing rain without proper attire and being placed in a cell at East Jersey State Prison with mold and fungus, a leaking ceiling, and lacking hot water (Eighth Amendment conditions of confinement claims);[9] being subjected to a strip search at Northern State Prison in an abusive and humiliating manner (Eighth Amendment strip search claims);[10] and being transferred from Northern State Prison to East Jersey State Prison and subjected to a strip search in retaliation for his filing of the complaint (First Amendment retaliation).[11] Fact discovery ensued and the deadline to file amended pleading

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. This Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 34 at 6).

[7] (*See* D.E. 14, 16).

[8] (*See* D.E. 30).

[9] (D.E. 34 at 14–15, 35).

[10] (*Id.* at 18).

[11] (*Id.* at 22–23).

was extended to May 19, 2017.[12] The fact discovery period closed on September 14, 2017 after being extended numerous times.[13]

On February 12, 2017, Mr. Love requested leave to file an amended/supplemental complaint.[14] Following a conference on April 10, 2017, Mr. Love withdrew his request and was directed to serve the State Defendants with a revised proposal for consent.[15] Instead of filing a revised proposal for consent, Mr. Love filed the present motion on April 26, 2017.

The proposed pleading repeats the allegations of the earlier proposals and pleadings.[16] In addition, Mr. Love seeks to specifically substitute in Sergeant McGann ("Sgt. McGann") and Associate Administrator Cindy Sweeney ("Ms. Sweeney") for two "John Doe" defendants described in the operative complaint.[17] He claims that Sgt. McGann is the previously unnamed sergeant who ordered subordinates to handcuff and take Mr. Love to lockup on May 29, 2015 and ordered Officer Morales to perform a strip search the same day in retaliation for filing the present lawsuit.[18] Also, he alleges that Ms. Sweeney is the previously unnamed administrator who on May 29, 2015 "personally ordered [Mr. Love] to be placed in lockup on [temporary closed custody]

---

[12] (*See* D.E. 29, 41, 69, 93).

[13] (D.E. 29, 41, 69, 84, 87, 93, 130).

[14] (D.E. 78).

[15] (D.E. 94).

[16] (*Compare* D.E. 4 and 20, which are identical, with D.E. 99, Pl.'s Br., at 1 – 20).

[17] (*See* D.E. 99, Pl.'s Br., at 26, 31).

[18] (*Id.* at 26).

status and transferred to a higher security prison in retaliation for [ ] filing a lawsuit against her co-defendants."[19]

Mr. Love also seeks to add new theories of liability against Mr. Nogan, an existing defendant, based on actions that occurred subsequent to 2015.[20] He alleges that on or around September 1, 2016, Mr. Nogan ordered a sergeant to search Mr. Love and his cellmate, personally inspected their cell for the conditions stated in the operative complaint, condemned their cell and transferred them to a new cell in retaliation for filing the present lawsuit, and warned or threatened Mr. Love not to file any more complaints.[21] He wishes to add allegations that Mr. Nogan ordered subordinates to destroy material evidence, failed to provide fire escapes or sprinkler systems in the prison cells, prevented him from filing grievances, established a long-standing policy, practice, or custom or retaliating against prisoners for filing grievances, and failed to curb unlawful practices of subordinates in using authorized searches to deprive prisoners of their property.[22]

Finally, he seeks to add claims against new defendants, Commissioner Gary Lanigan ("Commissioner Lanigan"), a defendant previously dismissed from this matter, and Corrections Officers Blackmire II and Antonic. Mr. Love alleges that Commissioner Lanigan failed to curb his subordinates' retaliatory actions.[23] He also alleges that Officers Blackmire II and Antonic took retaliatory actions against Mr. Love for filing his complaint.[24] Mr. Love claims that on or around

---

[19] (*Id.* at 28).

[20] (*See id.* at 24–25, 32).

[21] (*See id.* at 21–22, 24).

[22] (*See* D.E. 99, Pl.'s Br., at 24–25, 32).

[23] (*See id.* at 25, 32).

[24] (*See id.* at 26–27, 31–32).

4

March 19, 2017, Officer Blackmire II performed an authorized search of his cell and confiscated several items, including a bag of mold samples clearly marked as evidence in this matter and a radio cord, without providing confiscation sheets and in retaliation for filing the present lawsuit.[25] He also claims that on March 28, 2017, Officer Antonic violently shoved or body checked him into a wall in retaliation for filing the present lawsuit.[26]

The State Defendants oppose the filing of Mr. Love's proposed supplemental complaint. They argue that Mr. Love's application seeks to resurrect claims that were previously dismissed, raises factually conclusory claims against certain defendants, and improperly seek to add parties and claims that are unrelated to the operative complaint.[27]

## II. **MAGISTRATE JUDGE AUTHORITY**

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[28] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[29] Motions to amend are non-dispositive.[30] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[31]

---

[25] (*See id.* at 26, 28–29).

[26] (*See id.* at 27, 30).

[27] (*See* D.E. 133, Def.'s Opp.).

[28] 28 U.S.C. § 636(b)(1)(A).

[29] L. Civ. R. 72.1(a)(1).

[30] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (internal citations omitted).

[31] 28 U.S.C. § 636(b)(1)(A).

## III. DISCUSSION & ANALYSIS

Mr. Love's proposed pleading leaves intact the defendants and allegations in his operative amended complaint.[32] While the bulk of his proposal concerns acts that occurred subsequent to the filing of the initial complaint, he also seeks to name two "John Does" for acts that date back to the operative complaint. This Court will address each of Mr. Love's requests in turn.

### A. Legal Standard

The Federal Rules of Civil Procedure provide a liberal policy for amending pleadings.[33] Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[34] As the State Defendants oppose the present application, the decision to grant or deny Mr. Love leave to file a proposed pleading is "committed to the sound discretion of [this Court]."[35] While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."[36] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[37] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, a court must grant a request for leave to amend.[38]

---

[32] The first 20 pages of Mr. Love's proposed pleading is identical to his earlier pleadings. (*See* D.E. 4 and 20). As a result, the proposed pleading includes defendants and claims that were previously dismissed by Judge Wigenton on May 12, 2015. (*See* D.E. 34, 35).

[33] *Cruz v. City of Camden*, 898 F. Supp. 1100, 1105 (D.N.J. 1995).

[34] Fed. R. Civ. P. 15(a)(2).

[35] *See Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[36] *Voilas et al. v. Gen. Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); Fed. R. Civ. P. 15(a)(2).

[37] *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).

[38] *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002) (internal citations omitted).

Courts construe Rule 15(d) to require a similarly liberal approach.[39] While similar, the two subsections of Rule 15 are not identical.[40] On motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.[41] Rule 15(d) serves judicial economy, avoids multiplicity of litigation, and promotes "as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."[42] Supplementation may be permitted even though the original pleading is defective in stating a claim or defense.[43]

The decision of whether to permit a supplemental pleading is within a Court's discretion.[44] Leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the

---

[39] *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 360 (D.N.J. 2000) (internal citations omitted).

[40] *See id. But see Nanavati v. Burdette Tomlin Memorial Hosp.,* 645 F. Supp. 1217, 1247 (D.N.J. 1986) (noting that Rule 15(d) "does not so freely permit the amendment [of] pleadings" as does Rule 15(a)). The mislabeling of a motion to amend as what is properly a motion to supplement is of little consequence. Courts commonly address improperly designated motions under the proper provision of Rule 15, and on occasion ignore the distinction between the two subsections. *Hassoun*, 126 F. Supp. 2d at 360 (citing 6A Charles Alan Wright, *et al.,* Federal Practice and Procedure § 1506 (2d ed.1990)).

[41] Fed. R. Civ. P. 15(d).

[42] *Glenside West Corp. v. Exxon Co., U.S.A.,* 761 F. Supp. 1118, 1134 (D.N.J. 1991) (internal citations omitted).

[43] Fed. R. Civ. P. 15(d).

[44] *See Fancaster, Inc. v. Comcast Corp.,* No. 08–2922, 2010 WL 4320422, at *3 (D.N.J. Oct. 26, 2010) (quoting *Glenside West Corp.,* 761 F. Supp. at 1134); *Owens–Illinois, Inc. v. Lake Shore Land Co.,* 610 F.2d 1185, 1188–89 (3d Cir. 1979).

supplemental facts are connected to the original pleading.[45] A Court may also deny a supplemental complaint "when it would raise new issues and unduly delay resolution of the case."[46]

### B. Amending to Name Two "John Doe" Defendants as Sgt. McGann and Ms. Sweeney

A § 1983 claim arising in New Jersey has a two-year statute of limitations.[47] Leave to amend at this late stage in the litigation is clearly untimely and beyond the limitations period.[48] Accordingly, Mr. Love's proposed amendments against the "John Doe" defendants can be permitted only if they relate back to the date of the filing of his original complaint.

Mr. Love seeks to replace two "John Does" with the defendants' real names. Replacing a "John Doe" caption with the newly named defendants' correct names amounts to "changing a party" within the meaning of Rule 15(c).[49] Rule 15(c)(1) mandates analysis of New Jersey state law to determine if it would permit the relation back of the proposed amendment.[50] An amendment relates back when the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading.[51] In cases where a plaintiff seeks to define a

---

[45] *Hassoun*, 126 F. Supp. 2d at 361 (citing *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir.1995)).

[46] *Love v. New Jersey Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *7 (D.N.J. May 12, 2015) (quoting *Albanian Assoc. Fund v. Twp. Of Wayne,* No. 06–3217, 2007 WL 4232966, at *1 (D.N.J. Nov. 29, 2007)).

[47] *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Montgomery v. De Simone,* 159 F.3d 120, 126 n.4 (3d Cir.1998)).

[48] *See Cruz*, 898 F. Supp. at 1106.

[49] *See Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 174 (3d Cir. 1977).

[50] *Cruz*, 898 F. Supp. at 1107.

[51] N.J. R. 4:9–3.

"fictitious name" or "John Doe," New Jersey law allows for amendment of the complaint after the limitations period has run, even if the defendant did not have notice of the action within the statutory time limit.[52]

When an amendment seeks to change a party against whom a claim is asserted, as opposed to merely the allegations set forth in the pleading, the relation back rule is more stringent.[53] Such amendments require more than a showing that the claim arose out of the same conduct or transaction originally pled but also "introduces considerations of both prejudice and notice."[54] All three elements, including both a mistake concerning the identity of the new party and notice within the time provided by Rule 4(m), must be met.[55] This Court must determine whether all requirements of the Rule are satisfied in deciding whether an amendment will relate back.[56]

A concise designation of a "John Doe" defendant is needed to fulfill the appropriate description required.[57] To comply with the sufficiency requirement of the "fictitious name"

---

[52] N.J. R. 4:26–4; *Cruz*, 898 F. Supp. at 1107 (citing *Viviano v. CBS, Inc.,* 101 N.J. 538, 548, 503 A.2d 296 (1986)).

[53] *Zavian v. Pride Fin., LLC*, No. 15-1920, 2016 WL 3574008, at *4 (D.N.J. June 30, 2016) (internal citation omitted).

[54] *See Feuerstack v. Weiner*, No. 12-4253, 2013 WL 3949234, at *2 (D.N.J. July 30, 2013) (discussing Fed. R. Civ. P. 15(c)(1)(B) and 15(c)(1)(C)).

[55] *See Feuerstack*, 2013 WL 3949234, at *4 (internal citations omitted). The New Jersey requirements for notice and mistaken identity are virtually identical to the Federal Rule 15(c). N.J. R. 4:9–3.

[56] *See Cruz*, 898 F. Supp. at 1106.

[57] *Id.* at 1108–09 (discussing *Rutkowski v. Liberty Mutual Insurance Company,* 209 N.J. Super. 140, 506 A.2d 1302 (App. Div. 1986); *Wilson v. City of Atlantic City,* 142 F.R.D. 603 (D.N.J. 1992); and *Viviano,* 101 N.J. at 503).

practice, Mr. Love is required at a minimum to state in his original complaint a defendant's specific position (i.e. Sergeant or Associate Administrator) and specific acts.[58]

This Court finds that the "John Doe" description is sufficient for Sgt. McGann. In his proposed pleadings, Mr. Love claims that Sgt. McGann is the sergeant who on May 29, 2015, ordered subordinates to handcuff and take him to lockup and directed Officer Morales to place him in a segregated unit and subject him to a "humiliating strip search" in retaliation for filing a lawsuit.[59] In his earlier pleadings, Mr. Love describes an "unknown [sergeant] who escorted Plaintiff to lockup" and "a [sergeant] whose identity is presently unknown" who was working when Officer Morales performed the strip search.[60]

The language in the complaint clearly notified the Sergeant that a specific prisoner, Mr. Love, was alleging that a humiliating strip search was performed on him on May 29, 2015.[61] Even if Sgt. McGann did not remember the incident, he simply had to look at the facility records or log books to see who performed the search on the date in question.[62] The description was specific enough to advise Sgt. McGann, the individual who escorted Mr. Love to lockup and was working when Officer Morales performed the strip search, that he was named in a lawsuit.

In contrast, this Court finds that the "John Doe" description for Ms. Sweeney is insufficient. Mr. Love seeks to allege that Ms. Sweeney is the Associate Administrator who, on May 29, 2015, personally ordered that he be placed in lockup on temporary closed custody

---

[58] *Cruz*, 898 F. Supp. at 1109.

[59] (D.E. 99, Pl.'s Br., at 26, 31).

[60] (D.E. 4 and 20 at 16–17).

[61] *See Cruz*, 898 F. Supp. at 1109.

[62] *See id.*

status, strip searched, and transferred to higher security prison in retaliation for filing a lawsuit against her co-defendants.[63]

Mr. Love did not name an Associate Administrator in his earlier pleadings nor did he describe any violation(s) such a person may have taken against him. He does name "John Does" as "other people at Northern State Prison responsible for [his] retaliatory transfer and lockup."[64] This type of generic description alone lacks the specificity required to give reasonable notice.[65] Although the allegations in Mr. Love's earlier pleadings could be construed to advise the prison Administrator of his allegations and this lawsuit,[66] it does not appear that similar notice requirements were provided to Ms. Sweeney, or any other Associate Administrator.

Accordingly, this Court finds that Sgt. McGann should have been aware that a suit was being initiated against him, but not Ms. Sweeney. The motion to amend as to Sgt. McGann shall be **granted** and as to Ms. Sweeney shall be **denied**.

### C. Supplementing to Add New Claims against Mr. Nogan

Mr. Love seeks to add new § 1983 claims against Mr. Nogan, an existing defendant. "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court

---

[63] (D.E. 99, Pl.'s Br., at 26, 28).

[64] (*Id.* at 38).

[65] *See Cruz*, 898 F. Supp. at 1109–10 (denying leave to name "John Doe" defendants where plaintiff's original complaint contained generic descriptions such as "individuals responsible for the safekeeping and supervision of the prison" and "individuals employed by the Camden County Police Department").

[66] Mr. Love named Administrator Steven Johnson in his earlier pleadings. (*See* D.E. 4 and 20 at 15). Mr. Love alleges, in part, that Administrator Johnson "ordered his subordinates to place Plaintiff in lockup … [and] also ordered the transfer of Plaintiff to a higher level security prison, where he is being subjected to harsh living conditions … in retaliation for Plaintiff filing a lawsuit against his fellow defendants." *Id.* Administrator Johnson has not entered an appearance in this matter.

11

may also sever any claim against a party."⁶⁷ The decision to sever a claim or to try it separately is left to the discretion of the trial court.⁶⁸ With regard to severance decisions, a Court is not required to consider anything in particular in reaching its conclusion.⁶⁹ "The Rule may also be invoked to prevent prejudice or promote judicial efficiency."⁷⁰

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."⁷¹ "A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid this Court in getting on with the business of deciding cases."⁷²

The claims which Mr. Love wishes to supplement involve alleged retaliatory acts based on filing the present lawsuit. In earlier pleadings, he alleged violations of his rights based on the behavior of Mr. Nogan and his subordinates resulting in an unlawful strip search and being

---

⁶⁷ Fed. R. Civ. P. 21.

⁶⁸ *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999) (citing, in relevant part, *Walsh v. Miehle–Goss–Dexter, Inc.,* 378 F.2d 409, 412 (3d Cir. 1967)).

⁶⁹ *Rodin Properties-Shore Mall*, 49 F. Supp. 2d at 721.

⁷⁰ *Picozzi v. Connor*, No. 12-4102, 2012 WL 2839820, at *5 (D.N.J. July 9, 2012) (citing, in relevant part, *Lopez v. City of Irvington,* 2008 WL 565776, *2 (D.N.J. 2008) and *Sporia v. Pennsylvania Greyhound Lines, Inc.,* 143 F.2d 105 (3d Cir. 1944) (not limiting Rule 21 severance to cases of misjoinder)). Factors to be considered in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted." *Picozzi*, 2012 WL 2839820, at *5 (internal citation omitted).

⁷¹ *Picozzi*, 2012 WL 2839820, at *5 (internal citations and quotations omitted).

⁷² *Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 567 (3d Cir. 1985).

transferred to a cell with mold and fungus. Presently, Mr. Love seeks to supplement and add allegations that subsequent to his transfer, Mr. Nogan ordered a sergeant to search and transfer Mr. Love and his cellmate to a new cell in East Jersey State Prison, destroyed material evidence (mold samples), failed to provide fire escapes or sprinkler systems in cells, prevented him from filing grievances, and established a policy, practice or custom of retaliating against prisoners for filing grievances.

Fact discovery has closed. In the interest of promoting judicial efficiency and preventing prejudice by adding supplemental claims at this late stage in litigation, this Court will deny Mr. Love's motion to supplement with respect to claims of Mr. Nogan's subsequent retaliatory acts and *sua sponte* sever these proposed claims to be litigated in a separate matter.

### D. Supplementing to Add New Claims Against Commissioner Lanigan and Officers Blackmire II and Antonic

Finally, Mr. Love also seeks to supplement his operative pleading by adding as new defendants Commissioner Lanigan and Officers Blackmire II and Antonic. As a preliminary matter, Commissioner Lanigan was named in the original complaint and was dismissed without prejudice from this lawsuit.[73] The proposed pleading alleges that Commissioner Lanigan failed to curb his subordinates' retaliatory actions. Mr. Love offers no additional factual allegations or support to establish conduct or Commissioner Lanigan's personal involvement. He only states that Commissioner Lanigan has been "placed on notice" of his subordinates' "unconstitutional retaliation policy" and failed to "curb the unlawful practice of [his] subordinates in using

---

[73] (*See* D.E. 35 at 2).

13

authorized searches to deprive prisoners of their property."[74] Mr. Love has failed to correct the deficiencies that led to this Court to previously dismiss supervisory liability claims against Commissioner Lanigan.[75] Therefore, his motion to supplement and add claims against Commissioner Lanigan shall be **denied**.

Mr. Love further seeks to allege that Officer Blackmire II searched and confiscated items from his cell, including mold samples clearly marked as evidence in this matter, and that Officer Antonic violently pushed him into a wall, both in retaliation for filing the present lawsuit. During oral argument on September 14, 2017, the parties consented to sever supplemental claims against Officer Antonic but Mr. Love opposed severance as to the remaining defendants and claims. Nonetheless, in the interest of judicial efficiency and to prevent prejudice by adding new defendants and new claims at this late stage in litigation, this Court will *sua sponte* sever the proposed claims against Officers Blackmire II and Antonic to be litigated in a separate matter. An appropriate order follows.

**ORDER**

**IT IS** on this Friday, September 22, 2017,

1. **ORDERED** that Plaintiff Love's motion for leave to amend with respect to substituting Sgt. McGann as a defendant for John Doe in the present matter is **GRANTED**; and it is further

2. **ORDERED** that Plaintiff Love's motion for leave to amend with respect to adding Associate Administrator Cindy Sweeney as a defendant in the present matter is **DENIED**; and it is further

3. **ORDERED** that Plaintiff Love's motion for leave to supplement with respect to adding new allegations against Defendant Patrick Nogan is **DENIED**; and it is further

---

[74] (D.E. 99, Pl.'s Br., at 25, 32).

[75] (*See* D.E. 34 at 24).

14

4. **ORDERED** that Plaintiff Love's motion for leave to supplement with respect to adding new allegations against Commissioner Lanigan and Corrections Officers Blackmire II and Antonic is **DENIED**. Instead, Mr. Love's supplemental claims against Defendant Nogan and Officers Blackmire II and Antonic are hereby be **SEVERED** from this matter and may be filed as a new and separate action; and it is further

5. **ORDERED** that Plaintiff Love may file a Second Amended Complaint within **fourteen (14) days** which is consistent with of this Opinion and Order; and it is further

6. **ORDERED** that the State Defendants shall file respond to the Second Amended Complaint within **fourteen (14) days** after it is filed; and it is further

7. **ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff Love.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/22/2017 3:00:16 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ 07065

15