# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

October 26, 2017

## LETTER ORDER-OPINION

Re: D.E. 136, 145
Love v. New Jersey Dep't of Corrections, et al.
Civil Action No. 15cv4404 (SDW)(SCM)

Dear Litigants:

Before this Court is a Motion for Clarification of the Court's August 11, 2017 Order and Opinion as well as a Motion for Protective Order by Defendants, Robert Wasik, Gerard Doyle, Ruben Morales, and Patrick Nogan ("State Defendants").[1]

The August 11, 2017 Opinion concerned invocation of law enforcement privilege, a form of executive privilege. The Order required "that any application by Defendants for a protective order shall comply with *O'Neill*, *Pansy*, and *Torres* . . . ."[2] With their Motion for Clarification, the State Defendants wish the Court to further explicate the directive that, in order to properly assert any privilege, the State Defendants must produce "an affidavit from the agency head, as required by *O'Neill*."[3] Subsequent to the September 14, 2017 settlement conference, and at the Court's direction, the State Defendants filed a brief arguing that "although in some case decisions the 'top'

---

[1] (ECF Docket Entry No. ("D.E.") 136, 145).

[2] (D.E. 134, Op. and Order, at 31).

[3] (D.E. 136 at 14).

official was the person proffered to [ ] certify" law enforcement privilege, "the case law does not support that less senior officials are unqualified to do so."[4]

The State Defendants' brief cites *Zappulla*, *Pack*, and *Williams* to support their proffer of alternative officials.[5] In *Zappulla*, the court's decision was based on an *in camera* review of six disputed memoranda which were part of a larger file containing inmate housing information, not unlike that requested here, but that also contained "intra-department memoranda . . . reflecting the course and substance of investigations . . . concerning possible threats **by** plaintiff to the security of the prison."[6] The *Zappulla* court granted access to the file overall, with the limited exception of those particularly sensitive memoranda. Further, the rationale in *Zappulla* included an extensive limiting paragraph which is instructive in the case currently at bar:

> The rationale for the law-enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness[es] and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re Dep't of Investigation of City of N.Y., 856 F.2d 481, 484 (2d Cir.1988); see also Kitevski v. City of New York, 2006 WL 680527, at *2-3 (S.D.N.Y. Mar. 16, 2006). The law-enforcement privilege, like other related privileges, offers only conditional protection and may be set aside upon an adequate showing of need. See, e.g., Kunstler v. City of New York, 2005 WL 2656117, at *1 (S.D.N.Y. Oct. 18, 2005); Fountain v. City of New York, 2004 WL 941242, at *4 (S.D.N.Y. May 3, 2004) (stating that unlike the state secrets privilege, the "official information privilege ... is not absolute") (citing Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal.1987)). In weighing the discovering party's claimed need for the documents, the court necessarily must engage in a balancing of "the

---

[4] (D.E. 146, Defs.' Br., at 2).

[5] *Zappulla v. Horn*, No. 07CIV.7709LBSMHD, 2008 WL 2627622, at *1 (S.D.N.Y. July 1, 2008); *Pack v. Breyer*, 157 F.R.D. 226 (D.N.J 1994); Williams v. Walker, No. CIV S-07-2385WBSGGHP, 2009 WL 5199227 (E.D. Cal. Dec. 22, 2009).

[6] *Zappulla*, 2008 WL 2627622 at *2 (emphasis added).

interests favoring and disfavoring disclosure." King v. Conde, 121 F.R.D. 180, 190-91 (E.D.N.Y. 1988).[7]

Likewise, law enforcement privilege was invoked in *Pack* only after balancing the likelihood that the information obtained would be pertinent to plaintiff's case with the court's finding that the information obtained in the discovery "would present a clear and present danger to individuals both inside and outside the prison" by specifically revealing information pertaining to investigations and confidential informant practices.[8]

The State Defendants seek to obtain a protective order, invoking privilege for a number of Mr. Love's discovery demands.[9] The procedural requirements for invoking executive privilege requires "a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer."[10] The Third Circuit has extended this requirement to other forms of executive privilege.[11]

In a case involving the Pennsylvania Department of Corrections, the *Chisler* court held that executive privilege was properly invoked by the "head of the Department of Corrections."[12] The equivalent New Jersey official is Commissioner Gary M. Lanigan, who heads the New Jersey Department of Corrections.[13] *Scott Paper Co.* upheld a magistrate judge's determination that under

---

[7] *Id.* at *1–2.

[8] *Pack v. Breyer*, 157 F.R.D. 226, 232 (D.N.J 1994).

[9] (D.E. 136-2, Defs.' Br. in Supp. of Mot. for Clarification, at 8).

[10] *United States v. Reynolds*, 345 U.S. 1, 73 S. Ct. 528, 97 L. Ed. 727 (1953).

[11] *See U.S. v. O'Neill*, 619 F.2d 222, 226 (3d Cir.1980).

[12] *Chisler v. Johnston*, 796 F. Supp. 2d 632, 638 (W.D. Pa. 2011).

[13] Gary M. Lanigan, New Jersey Department of Corrections Commissioner, http://www.state.nj.us/corrections/pages/about_us/Commissioner_bio.html.

*O'Neill* an agency head could not even delegate authority to invoke privilege.[14] That case, however, noted that "even in jurisdictions that allow delegation, the delegation must be accompanied by detailed guidelines regarding the use of the privilege."[15] *Williams*, as cited by the State Defendants, was such a case and stated that "[f]or purposes of prisoner litigation, the warden, assistant warden or appropriately delegated prison officials should be sufficient."[16]

The State Defendants have not provided evidence of delegation by Commissioner Lanigan or any higher authority. Therefore, the Court need not decide today whether a delegation would satisfy the requirements of *Reynolds* and *O'Neill*. For now, the Court finds that Commissioner Lanigan is the appropriate official to invoke any executive privilege for the New Jersey Department of Corrections.

The State Defendants further submit that compliance with Mr. Love's requests would be unduly burdensome, particularly with regard to officer-specific inmate complaints.[17] Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The party seeking a protective order bears the burden of showing good cause for the issuance of a protective order "by demonstrating a particular need for protection [and] [b]road allegations of

---

[14] *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996) (requiring IRS Commissioner to invoke privilege).

[15] *Scott Paper Co. v. United States*, 943 F. Supp. 501, 503 (E.D. Pa. 1996) (citing *Martin v. Albany Business Journal, Inc.*, 780 F. Supp. 927, 934 (N.D.N.Y.1992); *Mobil Oil Corp. v. Department of Energy*, 520 F. Supp. 414, 416 (N.D.N.Y.1981)).

[16] *Williams v. Walker*, 2009 WL 5199227, at *7 (E.D. Cal. Dec. 22, 2009); (D.E. 146, Defs.' Br., at 2).

[17] (D.E. 145-2, Defs.' Br. in Supp. of Protective Order, at 6–7).

4

harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[18]

Before a court will entertain a party's objection on burdensome grounds, the party asserting the objection must submit an affidavit or evidence revealing the nature of the burden.[19] State Defendants contend that in order to comply with Mr. Love's requests, "prison staff at EJSP would have to manually search approximately 20,000 paper forms and 24,000 J-Pay submissions."[20] In support of this position, State Defendants have submitted affidavits detailing the ways in which inmate complaints are properly filed, stored, and retained.[21] Describing the nature of documentation, limited staff capacity, and volume of record review necessary is "not alone sufficient to establish an undue burden necessary to prevent discovery."[22] Hence, the Court finds the State Defendants have not adequately demonstrated Mr. Love's discovery requests constitute undue burden.

For the foregoing reasons, the State Defendant's Motion for Protective Order is denied.

---

[18] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citing Fed. R. Civ. P. 26(c)); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986) *(citing United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978).

[19] *Valentin v. Sch. Dist. of Philadelphia*, No. 2:11-cv-4027, 2012 WL 676993, at *2 n. 2 (E.D. Pa. Mar. 1, 2012).

[20] (D.E. 145-2, Defs.' Br. in Supp. of Protective Order, at 7).

[21] (D.E. 145-4–5).

[22] *Reid v. Cumberland Cty.,* 34 F. Supp. 3d 396, 414 (D.N.J. 2013) (finding 140 hours of staff time is not an undue burden on the county); s*ee also Thomas v. Cate*, 715 F. Supp. 2d 1012, 1033 (E.D. Cal. 2010) (finding 111 hours of data review does not constitute undue burden on the state); *Azimi v. U.P.S., Inc.*, 2007 WL 2010937 at *7-8 (D. Kan. 2007) (holding an estimated 100 hours and two months insufficient to establish burden); *Beach v. City of Olathe*, 203 F.R.D. 489, 493–94 (D. Kan. 2001) (overruling objection to discovery that would take "at least hundreds of man hours").

However, with regard to Mr. Love's Interrogatories #15 and 18 concerning the number of cameras… in parts of the facility, the Court did not order the State Defendants to disclose that information. Instead, the Court ruled that "[a]ny video of the incident in the prison canteen or the subsequent events included in the facts set forth above shall be made available to Mr. Love."[23]

Also, with regard to Mr. Love's Interrogatory #16, the State Defendants' further response shall be limited to the names of prisoners housed on D-1-E that witnessed the "strip search."

**IT IS SO ORDERED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/26/2017 11:23:45 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ 07065

---

[23] (D.E. 134, Letter Opinion at 27-28).