UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING COURTHOUSE |
|---|---|
| **SUSAN D. WIGENTON** | 50 WALNUT ST. |
| UNITED STATES DISTRICT JUDGE | NEWARK, NJ 07101 |
| | 973-645-5903 |

November 13, 2017

Lemont Love
670637/331321c
East Jersey State Prison
Lockbag R
Rahway, NJ 07065
*Pro Se Plaintiff*

Ashley Gagnon
Victor Nicholas Di Francesco
Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625
*Counsel for Defendants*

## **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:    Love v. New Jersey Department of Corrections, et al.
        Civil Action No. 15-4404 (SDW) (SCM)**

Litigants:

Before this Court is *pro se* Plaintiff Lemont Love's Appeal of Magistrate Judge Steve C. Mannion's Order partially granting and partially denying Plaintiff's informal Motion for Leave to File a Supplemental Complaint.

This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, Magistrate Judge Mannion's Order is affirmed in part, and reversed in part.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On April 26, 2017, Plaintiff filed an informal Motion for Leave to File a Supplemental Complaint. (ECF No. 99.) On September 22, 2017, Magistrate Judge Mannion partially granted

and partially denied Plaintiff's motion. (ECF No. 144.) Plaintiff appealed the Order on October 10, 2017, arguing that the Magistrate Judge erred in (i) denying his request to add Cindy Sweeney as a defendant; and (ii) severing his supplemental claims against Defendants Patrick Nogan ("Nogan"), C.O. Blackmire II, and C.O. Antonic, rather than allowing him to amend the Complaint.[1] (ECF No. 152.) Defendants have not filed any opposition.

## II. DISCUSSION

### A. Standard of Review for Appeal of Magistrate Judge's Order

Magistrate Judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a Magistrate Judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

### B. Associate Administrator Cindy Sweeney

Plaintiff seeks to substitute one of the "John Doe" defendants with Associate Administrator Cindy Sweeney ("Sweeney").[2] (ECF No. 99 at 27, 29.) He alleges that in retaliation for filing the instant lawsuit, Sweeney ordered Plaintiff to be locked up on temporary closed confinement ("TCC") status, and transferred to a higher security prison. (ECF No. 99 at 29.)

In his September 22, 2017 Opinion and Order, Judge Mannion presumed that the two-year statute of limitations to commence a § 1983 claim against Sweeney had expired; and thus the court engaged in a "relation back" analysis under Federal Rule of Civil Procedure 15(c)(1). (ECF No. 144 at 8-11); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) ("[T]he purpose of relation back . . . [is] to balance the interests of the defendant protected by the statute of limitations within the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."). However, there was no need to

---

[1] In his September 22, 2017 Opinion and Order, Judge Mannion also denied Plaintiff's request to add a new claim against Commissioner Gary Lanigan ("Lanigan"). (ECF No. 144 at 13-15.) Although Plaintiff's appeal does not specifically address the ruling as to Lanigan, this Court affirms Judge Mannion's Order denying the amendment as it was not clearly erroneous or contrary to law.

[2] Plaintiff's First Amended Complaint names Defendants "John Does 21-40", who are described as: "other people at Northern State Prison responsible for the retaliatory transfer and lockup of plaintiff, the unknown Sgt. who escorted plaintiff to lockup and the individuals at East Jersey State Prison responsible for plaintiff's unlawful conditions of confinement." (ECF No. 20 at 16.)

determine whether the amendment should relate back to the original complaint because Plaintiff's claims against Sweeney were pled within the statute of limitations. Specifically, the retaliatory actions allegedly occurred on May 29, 2015, and Plaintiff filed his motion to supplement the Amended Complaint on April 26, 2017. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Therefore, the portion of the September 22, 2017 Order denying Plaintiff's request to substitute a "John Doe" with Sweeney is **REVERSED**. Plaintiff's motion to supplement the Amended Complaint to include Sweeney as a defendant is **GRANTED**.[3]

C. Defendants Nogan, C.O. Blackmire II, and C.O. Antonic

Judge Mannion properly precluded Plaintiff from amending the Complaint to include new claims against Defendants Nogan, C.O. Blackmire II, and C.O. Antonic. Plaintiff previously amended his Complaint to include claims against Nogan following Plaintiff's transfer to East Jersey State Prison on June 2, 2015. (ECF No. 20 at 15-16, 18-19, 22-24.) Plaintiff now seeks to amend his pleadings again based on Nogan's alleged retaliatory conduct on September 1, 2016. (ECF No. 99 at 22-26.) Plaintiff also seeks to include claims against two newly-named defendants, C.O. Blackmire II and C.O. Antonic, for retaliatory actions that allegedly occurred on March 19, 2017 and March 28, 2017. (ECF No. 99 at 27-31.) Given the age of the case and because fact discovery closed on September 14, 2017, it is not appropriate to supplement the First Amended Complaint with these new causes of action. Therefore, the September 22, 2017 Order denying Plaintiff's request to supplement the Amended Complaint to include new claims against Nogan, C.O. Blackmire II, and C.O. Antonic is **AFFIRMED**; and that portion of Plaintiff's motion is **DENIED without prejudice**.[4]

III. CONCLUSION

For the reasons set forth above, the Magistrate Judge's September 22, 2017 Order is **AFFIRMED in part, and REVERSED in part.**

**SO ORDERED**.

    /s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

---

[3] Unlike with Sweeney, following a relation-back analysis, the Magistrate Judge granted Plaintiff's request to substitute a "John Doe" defendant with Sergeant McGann. (ECF No. 144 at 10.) For the same reasons discussed above, a relation-back analysis was not necessary because the statute of limitations had not lapsed at the time Plaintiff filed his Motion for Leave to File a Supplemental Complaint. Thus, the September 22, 2017 Order granting Plaintiff's request to substitute a "John Doe" with McGann is affirmed on other grounds.

[4] The September 22, 2017 Order "severed" Plaintiff's proposed supplemental claims against Defendants Nogan, C.O. Blackmire II, and C.O. Antonic. (ECF No. 144 at 15.) The reference to severance was not appropriate because the supplemental claims were merely proposed, and were not already part of the lawsuit. Thus, for the purposes of clarification, Plaintiff's motion to include additional claims against Defendants Nogan, C.O. Blackmire II, and C.O. Antonic is simply denied without prejudice.

Orig: Clerk
cc: Parties
Steven C. Mannion, U.S.M.J.