UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| LEMONT LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:15-CV-04404-SDW-SCM<br><br>**OPINION AND ORDER ON<br>DISCOVERY DISPUTE:<br>MOTION TO COMPEL<br>[D.E. 156]** |

**Steven C. Mannion**, United States Magistrate Judge.

  Before this Court is Plaintiff Lemont Love's ("Mr. Love") informal motion to compel further responses to certain discovery requests.[1] Defendant Corrections Officers Gerald Doyle, Ruben Morales, and Robert Wasik, and Administrator Patrick Nogan ("Mr. Nogan") (collectively, "State Defendants") oppose this motion.[2] The Court has reviewed the parties' respective submissions and decides the issues without oral argument. For the reasons set forth herein, Mr. Love's informal motion is **GRANTED IN PART**.

---

[1] (ECF Docket Entry No. ("D.E.") 156, Pl.'s Mot.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 166, Defs.' Opp.).

I.   **BACKGROUND AND PROCEDURAL HISTORY**[3]

This Court has, on multiple occasions, discussed at length the facts and procedural history of this matter and the Court need not restate them here.[4] Suffice it to say that Mr. Love initiated this § 1983 civil rights action based on an incident arising from his visit to the prison canteen at Northern State Prison.[5] He further alleges a retaliatory transfer to East Jersey State Prison and conditions of confinement claims against Mr. Nogan.[6]

II.  **DISCOVERY STANDARD**

The parties are already familiar with the discovery standard for interrogatories and document requests.[7] The standard need not be repeated here.

III. **DISCUSSION AND ANALYSIS**

Mr. Love has repeatedly taken issue with the "timeliness and sufficiency of the [State Defendants'] responses to requests for production . . . and interrogatories."[8] He seeks to compel further responses to interrogatories 2, 3, 4, 10, 11, 13, 14, 17, 18, 19, 25 and the production of documents 10, 12–18.[9] The State Defendants oppose.[10]

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (*See* D.E. 34, Op., at 1–4; D.E. 134, Op., at 2–4).

[5] (D.E. 1, Ex. A).

[6] (D.E. 19, 20).

[7] (*See* D.E. 134, Op., at 5–10).

[8] (D.E. 134, Op., at 10)

[9] (D.E. 156, Pl.'s Mot.).

[10] (D.E. 166, Defs.' Opp.).

A. Interrogatory 11

**Interrogatory No. 11**: Please State why the cells at East Jersey only allow cold water to come out of the sink.

**Response**: Cells at East Jersey State Prison have cold water piped to the sinks and toilets. Hot water is provided for inmate use throughout East Jersey State Prison.[11]

Mr. Love contends that State Defendants' answer to this interrogatory is unresponsive.[12] The Court agrees. Mr. Love's interrogatory asked why the cells have only cold water, not where hot water is provided.[13] Mr. Love's motion to compel a further response is **granted**.

B. Interrogatories 4, 13, 14, 17, and 18; and Document Requests 10, 14, 15, and 18

**Interrogatory No. 4**: Describe in detail how many fire escapes exit are on the 3 wing area and where same (if any) are located. Attach photos of same.

**Interrogatory No. 13**: Have you ever tested or had the water at East Jersey tested for lead poison? If so, state the dates and by whom. Attaching copies of same.

**Interrogatory No. 14**: During April and May 2016 the ceiling upon arriving to the 3rd floor on 3 wing collapsed please explain how same was repaired and by whom including whether said prisoners were authorized by laws to repair such.

**Interrogatory No. 17**: State the name and address of your plumber who provides plumbing services to your place of employment.

**Interrogatory No. 18**: East Jersey State Prison allows inmates to repair leakages, ceiling collapses, plumbing, et al. Please provide me with copies of any and all licenses indicating same is allotted to be handled/mishandled by inmates who are serving sentences here at the prison.

**Request No. 10**: Any and all documents concerning any inspections done at E.J.S.P. testing the water for lead, since 2004 to the date of your response.

---

[11] *Id*.

[12] (D.E. 156-2, Pl.'s Br, at 3).

[13] *Id*.

**Request No. 14**: Any logs, lists, pictures or other documentation reflecting the number of fire escapes on each wing at E.J.S.P.

**Request No. 15**: Any logs, lists, pictures or other documentation reflecting the number of sprinklers in each cell at E.J.S.P.

**Request No. 18**: Any and all policies, directives or instructions concerning the required amount of inspections (i.e. how many inspections are required to be done each year) and what is to be inspected.[14]

The State Defendants object to the above interrogatories and document requests broadly on the grounds that they "seek[] information not relevant to [Mr. Love's] claims in this lawsuit."[15] The Court accepts these arguments. While Mr. Love's complaint tangentially alleges general disrepair and neglect of the prison facility, the allegations behind his complaint primarily center on the health hazards of mold, mildew, and fungus.[16] Though relevance at discovery is broader than at trial, courts discourage interrogatories that are little more than fishing expeditions, unlikely to lead to relevant information.[17] Mr. Love's motion to compel with regard to interrogatories 4, 13, 14, 17, and 18, as well as document requests 10, 14, 15, and 18 are **denied**.

C. Interrogatory 10 and Document Request 17

**Interrogatory No. 10**: Please state the reason that (1 wing) some of said unit is shut down. Attach photos of same.

**Request No. 17**: Any and all documents concerning the closing of 1 wing cells.[18]

---

[14] (D.E. 166, Defs.' Opp., at 3–8).

[15] (D.E. 166, Defs.' Opp., at 8).

[16] (D.E. 20, Am. Compl., at 21).

[17] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990); *Smith v. Lyons, Doughty & Velduius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008).

[18] (D.E. 166, Defs.' Opp., at 3, 7–8).

4

The State Defendants object to these discovery requests as "overbroad[,]" "unduly burdensome[,]" and "not related to any of [Mr. Love's] claims[.]"[19] The Court overrules these objections in part. Mr. Love's complaint is primarily centered on the health hazards of mold, mildew, and fungus.[20] These discovery responses do not address Mr. Love's complaint and constitute the sort of reflexive objections that Rule 26 seeks to deter.[21] If producing the information requested would jeopardize the "safety and security of East Jersey State Prison[,]"[22] the State Defendants must satisfy the requirements for a protective order within the next 14 days.[23] Meanwhile, Mr. Love's motion to compel further responses is **granted in part**.

> D. Interrogatories 2, 3, 19, and 25; and Document Requests 12, 13, and 16
>
> **Interrogatory No. 2**: Since being employed as the Administrator how many times has the Board of Health done proper inspections at East Jersey State Prison? Please attach reports of same including the name of inspections, date of the last inspection.
>
> **Interrogatory No. 3**: Please state the number of complaints you have received regarding cells at East Jersey State Prison having water leaking conditions, moldings, et al. Attach copies of same.
>
> **Interrogatory No. 19**: Please state the results of the cells that were complained about to possess moldings, leaking, crack ceilings, et al. including how many complaints, names of inmates and their locations of cells this was during the year of 2015 when the wing reps were ordered to get said info. Attach copies of same.

---

[19] *Id.*

[20] (D.E. 20, Am. Compl., at 21).

[21] *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008).

[22] (D.E. 166, Defs.' Opp., at 3).

[23] *See United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980).

**Interrogatory No. 25**: Please state when (if any) was the last time the cell above the plaintiffs cell was entered to be fixed on for said leakage from toilet flushing. Attach copies of same.

**Request No. 12**: Any and all documents concerning any inspections done at E.J.S.P. since 2004 to the date of your response.

**Request No. 13**: Any and all documents, work orders or lists reflecting grievances concerning leaks in the building from 2004 to the date of your response (at E.J.S.P.), including leaks from structural damage and/or plumbing.

**Request No. 16**: Any and all work orders, lists or other documentation reflecting grievances concerning mold, fungi, or other flora in the building at E.J.S.P. from 2004 to the date of your response.[24]

State Defendants object to these requests overall as unlikely to lead to relevant information, overly broad, unduly burdensome, and unclear as to request and time frame.[25] The Court finds State Defendants' objections lacking in merit. Mr. Love's underlying complaints contain allegations of "conditions . . . causing [Mr. Love] to become physically sick."[26] He speaks of a "deadly cocktail of rust, bacteria[,] and fungus" and dripping water the smell of which is "unbearable."[27] Requesting access to proper, or appropriate, health department inspections in a case alleging conditions of potential health hazards is "rationally relevant to [Mr. Love's] claim."[28]

---

[24] (D.E. 166, Defs.' Opp., at 2–7).

[25] *Id.*

[26] (D.E. 20, Am. Compl., at 21).

[27] *Id.*

[28] Fed. R. Civ. P. 26(b)(1).

6

State Defendants additionally object to interrogatories 2 and 25 on clarity grounds,[29] but Mr. Love's informal motion to compel clarifies these requests. Mr. Love states that in interrogatory 3, he is "seeking to ascertain if anyone was injured in any way by the . . . mold, mildew, fungus[,] and other biological hazards that infest this prison."[30] And for interrogatory 25, he specifies that he seeks work orders for the cells which could potentially have created the plumbing problem he alleges through their shared "pipe chase" – 336, 338, 236, 238, and 138.[31]

Finally, for interrogatory 3 and document requests 12, 13, and 16, the State Defendants object that the request either provides no time frame or "concerns a lengthy time frame predating and post-dating the allegations,"[32] the Court, therefore, limits the compelled response to the three-year period leading up to Mr. Love's June 13, 2015 inmate inquiry.

For the reasons set forth above, State Defendants have not met their burden to explain each of their objections and provide support for them. As such, Mr. Love's motion to compel additional responses as to these requests is **granted in part**.

An appropriate order follows:

## ORDER

**IT IS** on this Friday, January 26, 2018,

1. **ORDERED**, that Plaintiff Love's informal motion to compel is **GRANTED in part**; and it is further

---

[29] (D.E. 156-2, Pl.'s Br, at 2).

[30] (D.E. 156-2, Pl.'s Br, at 3).

[31] *Id.*

[32] (D.E. 166, Defs.' Opp., at 7)

7

2. **ORDERED**, that State Defendants shall supplement and/or amend their discovery responses within 14 days consistent with this Opinion; and it is further

3. **ORDERED**, that Plaintiff Love's information motion to file additional interrogatories is **DENIED**.

4. **ORDERED**, that the Clerk of the Court shall provide a copy of this Order to the Plaintiff.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/26/2018 10:55:55 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ  07065