# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

March 5, 2018

## LETTER OPINION-ORDER

Re:    D.E. 172, 173; Motion to Appoint Pro Bono Counsel
       Love v. New Jersey Department of Corrections, et al.
       Civil Action No. 15-cv-4404 (SDW)(SCM)

Dear Litigants:

    This matter comes before the Court upon review of Plaintiff Lemont Love's ("Mr. Love") Motion to Appoint *Pro Bono* Counsel.[1] The Court has reviewed Mr. Love's Motion and for the reasons set forth herein it is **denied**.

    This Court denied Mr. Love's previous motion for the appointment of *pro bono* counsel.[2] In that denial, the Court discussed the *Tabron* factors, which are: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[3]

    Though it noted that Mr. Love's case may depend on credibility determinations, the Court otherwise found the factors to weigh against appointment. With respect to the first factor, the Court observed that "Mr. Love's numerous filings with the Court thus far reflect literacy and a general understanding of the litigation process."[4] The Court further noted that "Mr. Love has also

---

[1] (ECF Docket Entry No. ("D.E.") 172, Pl.'s Mot.).

[2] (D.E. 38, Order, June 2, 2016).

[3] *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993).

[4] (D.E. 38, Order, June 2, 2016, 3).

represented himself in several other proceedings in this District."[5] With respect to the second factor, the Court found that the legal issues in this case were not difficult, complex, or novel.[6] With respect to the third factor, the Court noted that "nothing in the record indicates that Mr. Love's *pro se* status inhibits him from conducting discovery."[7] The Court also noted that the fifth factor weighed against Mr. Love because the case did not seem to depend on expert testimony.[8]

Mr. Love's present Motion only addresses the third factor, and does so briefly. He claims that due to a prison transfer, "I no longer have access to my legal work or the building in which I'm complaining about the conditions of confinement or my witnesses proving same."[9] He also claims that the "defendants have destroyed my evidence and made it impossible for me to obtain the same or equivalent evidence."[10] Mr. Love, however, does not detail what "legal work" he is missing or what evidence has been destroyed. He does not explain how any evidence has been destroyed, or why it would be impossible for him to obtain equivalent evidence.[11] The Court notes that Mr. Love may request copies of any filings that have been entered on the docket or of any discovery exchanged between the parties. But his summarily expressed argument as to a single *Tabron* factor does not persuade the Court to reverse its previous decision denying him *pro bono* counsel, particularly given that the Court must "take note of the significant practical restraints on the district courts' ability to appoint counsel[,]"[12] and that civil litigants possess neither a constitutional nor a statutory right to appointed counsel.[13] The Court also notes that despite having

---

[5] *Id.* (citing cases).

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] (D.E. 172, Pl.'s Mot., 2).

[10] *Id.*

[11] If the allegations in Mr. Love's present motion are true, a motion for sanctions due to the spoliation of evidence would be more appropriate than a motion to appoint *pro bono* counsel. *See generally Paris Bus. Prod., Inc. v. Genisis Techs., LLC*, No. CIV. 07-0260, 2007 WL 3125184 (D.N.J. Oct. 24, 2007).

[12] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[13] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

made similar complaints at an earlier time,[14] Mr. Love has vigorously litigated this case, and in the last few months alone has partially prevailed on a motion to a compel and on an appeal.[15]

As the *Tabron* factors continue to weigh against appointment at this time, Mr. Love's motion is **denied**. The Clerk of the Court shall mail a copy of this order to Mr. Love by U.S. mail.

**IT SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/5/2018 9:33:45 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ 07065

---

[14] (D.E. 48, Pl.'s Ltr., Sept. 6, 2016).

[15] (*See* D.E. 169, Order, Jan. 26, 2018; D.E. 160, Order, Nov. 13, 2017).