UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| LEMONT LOVE,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Civil Action No.<br><br>2:15-CV-04404-SDW-SCM<br><br>**OPINION AND ORDER ON INFORMAL CROSS-MOTIONS FOR SANCTIONS AND RECONSIDERATION**<br><br>**[D.E. 207, 209]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court are Plaintiff Lemont Love's ("Mr. Love") informal motions for discovery sanctions and leave to serve additional discovery requests,[1] and Defendant Corrections Officers Gerald Doyle, Ruben Morales, and Robert Wasik, and Administrator Patrick Nogan ("Mr. Nogan") (collectively, "State Defendants") informal motion for reconsideration.[2] The Court has reviewed the parties' respective submissions and has reserved decision on Mr. Love's application pending the conference/oral argument scheduled for April 25, 2019. For the reasons set forth herein, the State Defendants' informal motion is **GRANTED IN PART** and **DENIED IN PART.**

---

[1] (ECF Docket Entry No. ("D.E.") 207, Pl.'s Mot.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 209, Defs.' Mot.).

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

Mr. Love initiated this § 1983 civil rights action based on an incident arising from his visit to the prison canteen at Northern State Prison.[4] Thereafter, he alleges prison officials transferred him to East Jersey State Prison and housed him in conditions that exposed him to the health hazards of mold, mildew, and fungus.[5] The parties have since filed a steady stream of informal discovery disputes with the Court. The pending informal motion concerns rulings the Court has previously made.

On August 11, 2017, the Court granted Mr. Love's motion to compel further responses to interrogatories 1 - 4, 10, 15, 16, and 18 and requests for production 1, 3, 8.[6] The balance of the motion was denied.[7] Defendants were ordered to amend their discovery responses and/or move for a protective order within 30 days.[8]

On August 28, 2017, defendants moved for clarification of the decision and for a protective order.[9] The Court 1) denied the protective order; 2) found that the Commissioner of Corrections

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Ex. A).

[5] (D.E. 20, Am. Compl., at 21).

[6] (D.E. 134, Order at 16, 18, 20 – 22, 25, 28 - 29). *Love v. NJ Dept of Corr.*, No. 2:15-CV-4404-SDW-SCM, 2017 WL 3477864 (D.N.J. Aug. 11, 2017), opinion clarified sub nom. *Love v. NJ Dept of Corr.*, No. 15CV4404 (SDW)(SCM), 2017 WL 4842379 (D.N.J. Oct. 26, 2017).

[7] (D.E. 134, Order at 17, 19, 23, 30).

[8] (D.E. 134, Order at 31).

[9] (D.E. 136, 146).

was "the appropriate official to invoke any executive privilege for the New Jersey Department of Corrections"; and 3) clarified the relief afforded Mr. Love regarding interrogatories 15, 16 and 18.[10]

On January 26, 2018, the Court granted Mr. Love's motion to compel further responses to interrogatories 2, 3, 10, 11, 19, and 25 and document requests 12, 13, 16, and 17.[11] The balance of that motion was denied.[12] The State Defendants were given 14 days to supplement and/or amend their discovery responses.[13]

On July 9, 2018, the Court held a status conference and Mr. Love informed the Court that the State Defendants were in default of their discovery obligations.[14] Mr. Love then informally moved for discovery sanctions against the State Defendants.[15]

On September 20, 2018, the Court ordered the State Defendants to file a copy of their discovery responses with the Court within 10 days.[16] The State Defendants failed to comply and on November 9, 2018, defense counsel requested additional time to provide discovery in response to the Court's orders dated August 17, 2017 and January 26, 2018.[17]

---

[10] (D.E. 155, Order at 4-6).

[11] (D.E. 169, Order at 4-5).

[12] (D.E. 169, Order at 4).

[13] (D.E. 169, Order at 8).

[14] (D.E. 190, State Letter).

[15] (D.E. 188, Plt. Letter).

[16] (D.E. 196, Order).

[17] (D.E. 201, Dfd. Letter).

On December 10, 2018, the State Defendants filed and served their "updated responses" to discovery ordered on January 26, 2018, but not the discovery ordered on August 17, 2017.[18]

On December 19, 2018, Mr. Love requested to reinstate his earlier motion for sanctions against the State.[19] His request indicated that he had not yet received the Defendants' December 10th submission.[20]

On January 2, 2019, Mr. Love filed his renewed informal motion for sanctions and leave to serve additional discovery.[21] With regard to the December 10th submission, Mr. Love complains that Mr. Nogan has refused to answer interrogatory 3 and requests for production 13 and 16 "despite being ordered … to do so."[22]

On January 8, 2019, the State Defendants filed and served late responses to discovery ordered on August 17, 2017.[23] They also cross-moved to be relieved from the mandates of the Court's August 2017 Order concerning RFPs 1, 3, and 8; and sought *in camera* review of 25 pages of records.[24]

---

[18] (D.E. 203, Dfd.).

[19] (D.E. 206, Plt. Letter).

[20] (D.E. 206, Plt. Letter).

[21] (D.E. 207, Plt. Motion at 4).

[22] (D.E. 207, Plt. Motion at 5).

[23] (D.E. 209, Dfd. Letter).

[24] (D.E. 209 at 2, 4).

On March 8, 2019, the Court ordered that Michelle L. Miller, Esq., the Director of the Division of Law, appear on April 25, 2019 "to show cause why sanctions should not be imposed on the State Defendants for failing to comply with the Court's discovery orders."[25]

Then, the Defendants filed copies of certain additional late discovery responses with the Court on April 1 and 3, 2019.[26]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[27] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[28] Motions for discovery related sanctions are non-dispositive pre-trial matters for the magistrate judge.[29] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[30]

---

[25] (D.E. 213, Order).

[26] (D.E. 215 and 216, Df. Letters).

[27] 28 U.S.C. § 636(b)(1)(A).

[28] L. Civ. R. 72.1(a)(1); 37.1.

[29] See *McCann v. Kennedy Univ. Hosp., Inc.*, 596 Fed.Appx. 140 (3rd Cir. 2014) (motions for R37 sanctions are non-dispositive pre-trial matters).

[30] § 636(b)(1)(A).

### III.   LEGAL STANDARDS

A district court has the inherent authority to reconsider its own interlocutory orders.[31] This District governs motions for reconsideration by Local Rule.[32] Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked."[33] "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."[34] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[35]

The scope of reconsideration under Rule 59(e) would similarly be "extremely limited."[36] It is not an opportunity "for a second bite at the apple."[37] Such motions are intended only "to correct manifest errors of law or fact or to present newly discovered evidence."[38] Stated otherwise, to prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence

---

[31] *State v. National Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d. Cir. 2016).

[32] Local Civil Rule 7.1(i).

[33] *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Local Civil Rule 7.1(i)).

[34] *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

[35] *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

[36] *Blystone v. Horn*, 664 F. 3d 397, 415 (3d Cir. 2011).

[37] *Toshio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998).

[38] *Blystone v. Horn*, 664 F. 3d 397, 415 (3d Cir. 2011).

that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[39]

## IV. DISCUSSION AND ANALYSIS

On January 8, 2019, the State Defendants informally moved for reconsideration of the Court's order entered on August 11, 2017, regarding the following three requests for production of documents:

> RFP # 1: Any and all grievances, complaints or other documents received by prison staff Defendant Johnson or his agents at Northern State Prison concerning defendants Wasik, Marsh, Doyle and Morales" "on the following grounds: (1) The records discovered through NSP's JPAY kiosk system are confidential; and (2) A manual search through NSP's paper inquiry and grievance forms would be unduly burdensome.[40]
>
> RFP # 3: Any and all policies, directives or instructions concerning the transferring of prisoners from prison to prison.[41]
>
> RFP # 8: Any and all policies, procedures, directives or instructions to staff concerning placing a prisoner in the detention unit at NSP.[42]

They contend that Mr. Love's requests seek documents that are not relevant to this litigation, are "confidential," and present an undue burden upon the State.

The Court agrees that its decision to overrule the relevance objection was, in part, erroneous. Therefore, the responses to RFP #1 shall be limited to allegations against defendants Wasik, Marsh, Doyle and Morales for assault, excessive force, or retaliation. Such allegations are similar to those asserted by Mr. Love in this case and the Court finds are discoverable.

---

[39] *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

[40] (D.E. 209 at 2).

[41] (D.E. 209 at 2).

[42] (D.E. 209 at 2).

7

The balance of the argument is rejected as untimely. Reconsideration motions are governed by Local Rule and "shall be served and filed within 14 days.…"[43] The State Defendants' application is seventeen months late.

Moreover, the State Defendants' arguments as to confidentiality and burden are similar to those previously considered and rejected by the Court prior to the orders entered on August 11, 2017, October 26, 2017, and January 26, 2018.[44] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[45]

Mr. Love is correct in that the State Defendants have had ample time to devote the necessary resources to have produced the discovery several times over. They could have relied upon resources with the Department of Corrections, the Department of Law and Public Safety, and even third-party vendors. Consequently, the Court finds that the State Defendants' arguments to the contrary have no merit. For these reasons, the informal motion for reconsideration is granted in part and denied in part.

An appropriate order follows:

---

[43] Local Civil Rule 7.1(i).

[44] (D.E. 134, Order; D.E. 155, Order; and D.E. 169, Order).

[45] *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

# ORDER

**IT IS** on this Friday, April 12, 2019,

1. **ORDERED**, that the State Defendants' informal motion is **GRANTED in part and DENIED in part**; and it is further

2. **ORDERED**, that the Clerk of the Court shall administratively terminate Plaintiff Love's motion for sanctions, D.E. 207 pending the conference/oral argument scheduled for April 25, 2019; and it is further

3. **ORDERED**, that the Clerk of the Court shall mail a copy of this Order to the Plaintiff.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/12/2019 11:05:01 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Lemont Love
670637/331321C
East Jersey State Prison
Lockbag R
Rahway, NJ  07065